[Cite as *State v. Hunter*, 2012-Ohio-1121.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

DANIEL L. HUNTER

    Appellant

C.A. No.    10CA009903

APPEAL FROM JUDGMENT
ENTERED IN THE
LORAIN MUNICIPAL COURT
COUNTY OF LORAIN, OHIO
CASE No.    CRB-09-00071

DECISION AND JOURNAL ENTRY

Dated: March 19, 2012

---

CARR, Presiding Judge.

{¶1}    Appellant, Daniel Hunter, appeals his judgment of conviction in the Lorain County Municipal Court. This Court reverses.

I.

{¶2}    On January 7, 2009, Hunter was charged with one count of domestic violence in violation of R.C. 2919.25, a misdemeanor of the first degree, and one count of unauthorized use of a vehicle in violation of R.C. 2913.03(A), also a misdemeanor of the first degree. Hunter entered a plea of not guilty to the charges in the Lorain Municipal Court. After several continuances, the case proceeded to trial on June 10, 2009, and Hunter was convicted of both charges.

{¶3}    Hunter filed a notice of appeal on June 25, 2009. On July 23, 2009, this Court issued a journal entry concluding that it was without jurisdiction to hear the appeal as the judgment entry did not comply with Crim.R. 32(C). On July 29, 2009, Hunter filed a motion for

a final, appealable order in the trial court.  On August 30, 2010, the trial court issued a new judgment entry of sentence and conviction.

{¶4}    On September 1, 2010, Hunter filed a notice of appeal.  On appeal, he raises two assignments of error.

II.

**ASSIGNMENT OF ERROR I**

HUNTER'S CONVICTION FOR DOMESTIC VIOLENCE IS BASED ON INSUFFICIENT EVIDENCE OF A "FAMILY OR HOUSEHOLD MEMBER" RELATIONSHIP.

{¶5}    In his first assignment of error, Hunter argues that the State did not demonstrate that the victim was a family or household member pursuant to R.C. 2919.25.  This Court agrees.

{¶6}    Hunter was convicted of domestic violence under R.C. 2919.25(A), which states, "No person shall knowingly cause or attempt to cause physical harm to a family or household member."  R.C. 2919.25(F)(1), states:

"Family or household member" means any of the following:

(a) Any of the following who is residing or has resided with the offender:

(i) A spouse, a person living as a spouse, or a former spouse of the offender;

(ii) A parent, a foster parent, or a child of the offender, or another person related by consanguinity or affinity to the offender;

(iii) A parent or a child of a spouse, person living as a spouse, or former spouse of the offender, or another person related by consanguinity or affinity to a spouse, person living as a spouse, or former spouse of the offender.

R.C. 2919.25(F)(2), states:

"Person living as a spouse" means a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, or who otherwise has cohabited with the offender within five years prior to the date of the alleged commission of the act in question.

The Supreme Court of Ohio has held that "[t]he essential elements of 'cohabitation' are (1) sharing of familial or financial responsibilities and (2) consortium." *State v. Williams*, 79 Ohio St.3d 459 (1997), paragraph two of the syllabus. "Possible factors establishing shared familial or financial responsibilities might include provisions for shelter, food, clothing, utilities, and/or commingled assets. Factors that might establish consortium include mutual respect, fidelity, affection, society, cooperation, solace, comfort, aid of each other, friendship, and conjugal relations. These factors are unique to each other and how much weight, if any, to give to each of these factors must be decided on a case-by-case basis by the trier of fact." *Id*. at 465.

{¶7} The law pertaining to a challenge to the sufficiency of the evidence is well settled:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Galloway*, 9th Dist. No. 19752, 2001 WL 81257 (Jan. 31, 2001). The test for sufficiency requires a determination of whether the State has met its burden of production at trial. *State v. Walker*, 9th Dist. No. 20559, 2001 WL 1581570 (Dec. 12, 2001); *see*, *also*, *State v. Thompkins*, 78 Ohio St.3d 380, 390 (1997).

{¶8} The State called two witnesses at trial, namely Lillie Hare, the alleged victim, as well as Officer Larry Swanger. The State points to the following exchange between the prosecutor and Ms. Hare at trial in support of its position that Ms. Hare was, in fact, a family or household member:

> Q: You've indicated, is it correct, that Mr. Hunter's been your support, and you would – you prefer that to continue, and if there's any way you could get around it you wouldn't even [be] here, you wouldn't be called?

A: Right

Q: Okay. I still have to ask you some questions about this matter, okay, and this is a matter that happened on January 6th. Do you know Daniel Hunter?

A: Yes.

Q: How do you know Mr. Hunter?

A: My boyfriend.

Q: Okay. How long have you been with him?

A: Seven years.

Q: Did you live together part of that time?

A: A little bit.

{¶9} The State did not meet its burden of demonstrating that Ms. Hare was a family or household member as required by R.C. 2919.25(A). Other than the aforementioned testimony, the State did not offer any additional evidence on the issue of whether Ms. Hare was cohabiting with Hunter, or had otherwise cohabited with Hunter within five years prior to the date of the alleged commission of the act in question. Ms. Hare testified that Hunter was her boyfriend and that she was uncomfortable testifying against him because he had "been [her] support[.]" The State, however, did not elicit any testimony as to the nature of the "support" Hunter provided to Ms. Hare. Moreover, Ms. Hare's testimony that she had lived with Hunter "A little bit" over the course of the seven years they had been together, even when construed in the light most favorable to the State, was not sufficient to establish that they had cohabited within the last five years pursuant to R.C. 2919.25(F)(2). There was no evidence presented that would suggest that Hunter and Ms. Hare shared familial or financial responsibilities, nor was there evidence speaking to consortium between Hunter and Ms. Hare. Under these circumstances, the State did

not meet its burden of demonstrating that the victim was a family or household member as required by R.C. 2919.25(A).

{¶10} It follows that Hunter's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

HUNTER WAS DENIED HIS CONSTITUTIONAL RIGHTS TO ASSISTANCE OF COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHEN HE WAS READY, WILLING AND ABLE TO RETAIN COUNSEL, WAS NOT CURRENTLY REPRESENTED BY COUNSEL, HAD NOT WAIVED HIS RIGHT TO COUNSEL AND WAS NOT ADVISED OF ANY OF THE CONSEQUENCES OF PROCEEDING WITHOUT COUNSEL.

{¶11} In his second assignment of error, Hunter argues that he was denied his Sixth Amendment right to counsel. This Court agrees.

{¶12} In support of his assignment of error, Hunter argues that he was never made aware of his constitutional rights at arraignment. Hunter further argues that his Sixth Amendment right to counsel was violated when he was forced to engage in self-representation at trial when he had not knowingly, voluntarily, and intelligently waived his right to counsel. The State responds that Hunter was fully aware of his trial date and that the trial court properly denied Hunter's request for additional time to retain counsel in order to prevent further delay in the proceedings.

{¶13} Hunter was charged on January 7, 2009. The matter was set for pretrial on March 5, 2009. The trial court subsequently granted a continuance of the pretrial hearing at Hunter's request. The parties met for a pretrial hearing on April 8, 2009, and the matter was set for trial on May 13, 2009. On May 13, 2009, the trial court continued the matter to June 10, 2009. When the parties convened for trial on June 10, 2009, Hunter asked the trial court for a continuance to retain counsel. When the trial judge informed Hunter that it was "too late in the game to be

asking for a court-appointed attorney," Hunter clarified that he did not need court-appointed counsel because he was capable of retaining his own attorney. The trial judge noted that there had been several continuances already granted in the case and that a significant amount of time had passed since he was charged. The trial judge then denied Hunter's request and the matter proceeded to trial.

{¶14} The Sixth Amendment provides that a criminal defendant shall be entitled to have the assistance of counsel for his defense, as well as the right to act as his own counsel when he knowingly, voluntarily, and intelligently elects to do so. *Faretta v. California*, 422 U.S. 806 (1975). In verifying that a waiver of counsel is made knowingly, voluntarily, and intelligently, a trial court must make a sufficient inquiry to determine whether the defendant was advised of the dangers and disadvantages of self-representation. *State v. Gibson*, 45 Ohio St.2d 366 (1976), paragraphs one and two of the syllabus.

{¶15} The United States Supreme Court's decision in *Faretta* requires a showing on the record that the defendant who elects to conduct his own defense had some sense of the magnitude of the undertaking and the hazards inherent in self-representation. *Faretta*, 422 U.S. at 835. Undoubtedly, situations will arise where it is appropriate for courts to balance the right to counsel under the Sixth Amendment against the need for the efficient and effective administration of criminal justice. *Lorain v. Pavlich*, 9th Dist. No. 06CA008919, 2006-Ohio-6193, ¶ 8, citing *State v. Boone*, 108 Ohio App.3d 233, 238, (1st Dist.1995). However, this Court has held that an inquiry as to the dangers of self-representation "must be made, even when the defendant is seemingly engaging in delay tactics, because such a delaying strategy by the defendant is often employed where the defendant does not understand the crucial role of counsel in criminal cases." *State v. Weiss*, 92 Ohio App.3d 681, 685 (9th Dist.1993).

{¶16} Here, a review of the record reveals that the trial court did not advise Hunter of the dangers of self-representation prior to the commencement of trial. After Hunter requested additional time to retain counsel, the trial court simply denied Hunter's request in order to prevent further delay in the proceedings. Even if Hunter was merely engaging in delay tactics, the trial court was still required to inform Hunter on the record of the dangers of self-representation. *Weiss*, 92 Ohio App.3d at 685. Proceeding to trial without informing Hunter of the dangers of self-representation violated his Sixth Amendment right to counsel.

{¶17} Hunter's second assignment of error is sustained.

III.

{¶18} Hunter's first and second assignments of error are sustained. The judgment of the Lorain Municipal Court is reversed and the cause remanded to the trial court for further proceedings consistent with this decision.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Lorain Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
CONCURS.

MOORE, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

JACK W. BRADLEY and MICHAEL E. STEPANIK, Attorneys at Law, for Appellant.

JEFFREY STEVEN SZABO, Prosecuting Attorney, for Appellee.