[Cite as *State v. Dowey*, 2012-Ohio-4915.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

COREY W. DOWEY

    Appellant

C.A. No.    25963

APPEAL FROM JUDGMENT
ENTERED IN THE
BARBERTON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    CRB1100681

DECISION AND JOURNAL ENTRY

Dated: October 24, 2012

DICKINSON, Judge.

INTRODUCTION

**{¶1}** Following a trial to the bench, a Barberton Municipal Court judge found Corey Dowey guilty of domestic violence. Mr. Dowey appealed, arguing that the judge failed to properly ascertain whether he had knowingly, intelligently, and voluntarily waived his right to counsel and used an incorrect standard of proof in determining his guilt. We affirmed his conviction and sentence because he had not submitted a trial transcript. He applied for reconsideration, which this Court granted. Upon review of the merits of Mr. Dowey's assignments of error, we affirm his conviction but modify his sentence because the municipal court failed to adequately inquire whether he knowingly, intelligently, and voluntarily waived his right to counsel.

WAIVER OF COUNSEL

{¶2}   Mr. Dowey's first assignment of error is that the municipal court failed to properly inquire whether he knowingly, intelligently, and voluntarily waived his right to counsel. In *State v. Gibson*, 45 Ohio St. 2d 366 (1976), the Ohio Supreme Court held that "[t]he Sixth Amendment, as made applicable to the states by the Fourteenth Amendment, guarantees that a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so."   *Id*. at paragraph one of the syllabus (citing *Faretta v. California*, 422 U.S. 806 (1975)).  It also held that, "[i]n order to establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right."  *Id*. at paragraph two of the syllabus.

{¶3}   "In verifying that a waiver of counsel is made knowingly, voluntarily, and intelligently, a trial court must make a sufficient inquiry to determine whether the defendant was advised of the dangers and disadvantages of self-representation."  *State v. Hunter*, 9th Dist. No. 10CA009903, 2012-Ohio-1121, ¶ 14; *see Faretta v. California*, 422 U.S. 806, 835 (1975) ("Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation . . . .").  This is because, "[w]hen an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel." *Faretta*, 422 U.S. at 835.

{¶4}   Before Mr. Dowey's trial began, the municipal court noted that, at the arraignment, it had advised Mr. Dowey of "the serious consequences – the nature of the consequences and penalties for an offense such as this, that he could either choose to represent

himself, to retain counsel, or that, if he could not afford one, an attorney would be appointed to represent him." After confirming that Mr. Dowey was choosing to represent himself, it asked him whether he understood "the consequences and potential penalties that you could be looking at in this case[.]" When Mr. Dowey said that he did, the court proceeded with the trial.

{¶5} The record does not indicate that the municipal court ever told Mr. Dowey about the "dangers and disadvantages of self-representation." *Faretta v. California*, 422 U.S. 806, 835 (1975); *State v. Hunter*, 9th Dist. No. 10CA009903, 2012-Ohio-1121, ¶ 14. The court did not tell Mr. Dowey about his need to follow the rules of evidence and procedure, about possible defenses to the charges, or about any applicable mitigating circumstances. *State v. Johnson*, 112 Ohio St. 3d 210, 2006-Ohio-6404, ¶ 104; *State v. Martin*, 103 Ohio St. 3d 385, 2004-Ohio-5471, ¶ 43-44; *State v. Trikilis*, 9th Dist. Nos. 04CA0096-M, 04CA0097-M, 2005-Ohio-4266, ¶ 13. We, therefore, conclude that the municipal court violated Mr. Dowey's Sixth Amendment right to counsel when it proceeded to trial without informing him of the dangers of self-representation. *Hunter*, 2012-Ohio-1121 at ¶ 16. Mr. Dowey's first assignment of error is sustained.

{¶6} The municipal court judge found Mr. Dowey guilty of domestic violence, a misdemeanor of the first degree and a petty offense under Rule 2(D) of the Ohio Rules of Criminal Procedure. R.C. 2919.25(D)(2); 2929.24(A)(1); Crim. R. 2(D); *see State v. Jones*, 116 Ohio St. 3d 211, 2007-Ohio-6093, ¶ 14. He sentenced Mr. Dowey to 180 days in jail, which he suspended. In *State v. Haag*, 9th Dist. No. 7983, 1976 WL 188795 (June 9, 1976), this Court held that "[if] a defendant (1) is convicted of a petty offense, and (2) an imprisonment penalty is imposed, and (3) he is not represented by an attorney at his trial, the imprisonment portion of the sentence will be vacated, unless a record is made (in accordance with Crim. R. 22 and Crim. R. 44) which affirmatively demonstrates . . . that the defendant . . . knowingly waived his Sixth

Amendment right to counsel." *Id.* at \*3; *see State v. Donahoe*, 2d Dist. No. 90 CA 55, 1991 WL 38899, \*2 (Mar. 21, 1991). In accordance with *Haag*, we modify Mr. Dowey's sentence by vacating the part imposing 180-days of jail time. *Haag*, 1976 WL 188795 at \*3; *State v. Henley*, 138 Ohio App. 3d 209, 220 (9th Dist. 2000).

## STANDARD OF PROOF

**{¶7}** Mr. Dowey's second assignment of error is that the municipal court applied the incorrect standard of proof. He has argued that, instead of determining whether the State proved the elements of the offense beyond a reasonable doubt, the court merely considered whether it was "more likely than not" that he committed the offense. He has also argued that the court found that he had caused "reckless harm," which is insufficient to support a conviction for domestic violence under Section 2919.25(A)(1) or (2) of the Ohio Revised Code.

**{¶8}** The Ohio Supreme Court has "repeatedly stated that a court speaks exclusively through its journal entries" not oral pronouncements. *In re Guardianship of Hollins*, 114 Ohio St. 3d 434, 2007-Ohio-4555, ¶ 30; *Radcliff v. Steen Elec. Inc.*, 164 Ohio App. 3d 161, 2005-Ohio-5503, ¶ 56 (9th Dist.). In its judgment entry, the municipal court found Mr. Dowey guilty of the offense of domestic violence. Mr. Dowey has not identified any improper language in the court's entry. We, therefore, conclude that, to the extent that the municipal court misspoke at trial, its error was harmless. Crim. R. 52(A). Mr. Dowey's second assignment of error is overruled.

## CONCLUSION

**{¶9}** The municipal court failed to warn Mr. Dowey about the dangers and disadvantages of self-representation before allowing him to waive his right to counsel. Mr.

Dowey's 180-day jail sentence is vacated, and the judgment of the Barberton Municipal Court is affirmed as so modified.

Judgment affirmed as modified.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, P. J.
CONCURS.

BELFANCE, J.
CONCURRING.

{¶10} I concur. With respect to Mr. Dowey's second assignment of error, I agree that, given the context in which the trial court spoke, any misstatements were harmless

error.  I also agree that a trial court speaks through its journal entry.  However, if the record demonstrates that a trial court is misapplying the law, the fact that its misapplication is reflected in what transpired prior to entering judgment and is not expressly stated in its journal entry would not preclude reversal of its judgment.  That, however, is not the case here.

APPEARANCES:

KAREN H. BROUSE, Attorney at Law, for Appellant.

HOLLY REESE, Assistant Prosecuting Attorney, for Appellee.