[Cite as *State v. Locklear*, 2019-Ohio-1041.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

STATE OF OHIO

    Appellee

    v.

MARK LOCKLEAR

    Appellant

C.A. No.     17AP0025

APPEAL FROM JUDGMENT
ENTERED IN THE
WAYNE COUNTY MUNICIPAL COURT
COUNTY OF WAYNE, OHIO
CASE No.     2017 CR-B 000269

DECISION AND JOURNAL ENTRY

Dated: March 25, 2019

SCHAFER, Judge.

{¶1} Appellant, Mark Locklear, appeals his conviction for domestic violence in the Wayne County Municipal Court. This Court reverses.

I.

{¶2} Following an altercation between Mr. Locklear and his brother, Mr. Locklear was charged with two counts of domestic violence and one count of aggravated menacing. Although the municipal court appointed counsel for Mr. Locklear, Mr. Locklear filed a handwritten motion two days before trial expressing his desire to act as his own lawyer. At trial, Mr. Locklear represented himself with his appointed attorney acting as stand-by counsel. A jury found him guilty of one of the counts of domestic violence but acquitted him of the other counts. The trial court sentenced him to 90 days in jail. Mr. Locklear has appealed, assigning three errors. We will address his third assignment of error first because it is dispositive.

II.

ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT PERMITTED DEFENDANT TO PROCEED PRO SE WITHOUT SUBSTANTIALLY COMPLYING WITH CRIM.R. 44(B), AND IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION.

{¶3}　Mr. Locklear argues that the municipal court failed to determine whether he knowingly, voluntarily, and intelligently waived his right to counsel.  The Ohio Supreme Court has held that a defendant has the right of self-representation and "that he may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so." *State v. Gibson*, 45 Ohio St.2d 366 (1976), paragraph one of the syllabus.  "In order to establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right."  *Id*. at paragraph two of the syllabus.  Part of that inquiry includes determining whether "the defendant was advised of the dangers and disadvantages of self-representation."  *State v. Hunter*, 9th Dist. Lorain No. 10CA009903, 2012-Ohio-1121, ¶ 14, *see Faretta v. California*, 422 U.S. 806, 835 (1975).  "This is because, '[w]hen an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel.'" *State v. Dowey*, 9th Dist. Summit No. 25963, 2012-Ohio-4915, ¶ 3, quoting *Faretta* at 835.  We review whether a defendant has made a knowing, voluntary, and intelligent waiver of his right to counsel de novo.  *State v. Alexander*, 4th Dist. Ross No. 15CA3492, 2016-Ohio-5015, ¶ 4; *State v. Griffin*, 10th Dist. Franklin No. 10AP-902, 2011-Ohio-4250, ¶ 26.

{¶4}　The State concedes that there is no discussion on the record regarding Mr. Locklear's waiver of his right to counsel.  We have reviewed the record and agree that there is no

indication that the trial court explained to Mr. Locklear "the nature of the charges, the statutory offenses included within them, the range of allowable punishments, possible defenses, mitigation, or other facts essential to a broad understanding of the whole matter[.]" *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, ¶ 43; *Gibson* at 377, quoting *Von Moltke v. Gillies*, 332 U.S. 708, 723 (1948). We, therefore, cannot say that Mr. Locklear knowingly and intelligently waived his right to counsel. *See Martin* at ¶ 45. In addition, Crim.R. 44(C) provides that "[w]aiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22." The State concedes that the municipal court did not comply with that rule.

{¶5} Upon review of the record, we conclude that there is no indication that Mr. Locklear knowingly, voluntarily, and intelligently waived his right to counsel. Mr. Locklear's third assignment of error is sustained.

ASSIGNMENT OF ERROR I

THE TRIAL COURT DEPRIVED MR. LOCKLEAR OF HIS CONSTITUTIONAL RIGHT TO PRESENT WITNESS TESTIMONY AND VIDEO EVIDENCE IN HIS FAVOR WHEN IT IMPOSED THE MOST SEVERE SANCTION IN RESPONSE TO HIS COUNSEL'S VIOLATION OF THE RULES OF DISCOVERY.

ASSIGNMENT OF ERROR II

MR. LOCKLEAR'S TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND UNDER ARTICLE I, SECTIONS 10 AND 16, OF THE OHIO CONSTITUTION.

{¶6} In his remaining assignments of error, Mr. Locklear argues that the municipal court incorrectly refused to allow him to introduce certain evidence because he failed to provide discovery to the State. He also argues that his trial counsel was ineffective for failing to provide

the discovery, leading to the court's sanction. In light of our resolution of Mr. Locklear's third assignment of error, we conclude that these arguments are moot, and we, therefore, decline to address them. App.R. 12(A)(1)(c).

## III.

**{¶7}** Mr. Locklear's third assignment of error is sustained. We decline to address his first and second assignments of error because they are moot. The judgment of the Wayne County Municipal Court is reversed, and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, P. J.
HENSAL, J.
<u>CONCUR.</u>


<u>APPEARANCES:</u>

MICHELLE FINK, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and ANDREA D. UHLER, Assistant Prosecuting Attorney, for Appellee.