[Cite as *State v. Ott*, 2017-Ohio-521.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 27953 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DANIEL C. OTT | STOW MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 2015CRB01521 |

## DECISION AND JOURNAL ENTRY

Dated: February 15, 2017

HENSAL, Judge.

**{¶1}** Daniel Ott appeals a judgment of the Stow Municipal Court that convicted and sentenced him for domestic violence. For the following reasons, this Court reverses.

I.

**{¶2}** A Tallmadge police officer charged Mr. Ott with domestic violence for allegedly throwing the mother of his child to the floor and ripping her shirt. Following a trial in which Mr. Ott represented himself, the municipal court found him guilty of the offense and sentenced him to 180 days in jail, which it suspended. Mr. Ott has appealed, assigning three errors.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT DID NOT ENGAGE IN THE RECORDED COLLOQUY CRIM.R. 44(C) REQUIRES BEFORE ALLOWING OTT TO PROCEED TO TRIAL PRO SE, THEREBY DENYING HIM COUNSEL IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

{¶3} Mr. Ott argues that the municipal court did not comply with Criminal Rule 44 when it accepted his waiver of counsel. Rule 44 sets out requirements regarding the assignment of counsel, which are different depending on whether the defendant has been charged with a serious or petty offense. The domestic violence offense that Mr. Ott faced was a misdemeanor of the first degree, for which he could receive up to 180 days in jail. It, therefore, was a petty offense under Criminal Rule 2. Crim.R. 2(C), (D); *State v. Johnson*, 9th Dist. Summit No. 27550, 2016-Ohio-480, ¶ 6. Under Criminal Rule 44(B), "[if] a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel."

{¶4} At a pretrial hearing, the municipal court noted that Mr. Ott did not have counsel. It advised him that he had the right to a lawyer and that, if he could not afford one, one would be appointed to represent him. The court also told Mr. Ott that, if he represented himself, it would be his duty to subpoena any witnesses that he desired to call at trial. It further told him that, if he wanted a lawyer to represent him, he should get one as soon as possible because the trial date would be arriving quickly. At trial, the court merely noted that Mr. Ott would be representing himself and that it had had a conversation with Mr. Ott about the trial process and the fact that he would be subject to the rules of evidence.

{¶5} The Ohio Supreme Court has held that a defendant has the right of self-representation and "that he may proceed to defend himself without counsel when he voluntarily, and knowingly, and intelligently elects to do so." *State v. Gibson*, 45 Ohio St.2d 366 (1976), paragraph one of the syllabus. "In order to establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and

intelligently relinquishes that right." *Id*. at paragraph two of the syllabus. Part of that inquiry includes determining whether "the defendant was advised of the dangers and disadvantages of self-representation." *State v. Hunter*, 9th Dist. Lorain No. 10CA009903, 2012-Ohio-1121, ¶ 14, *see Faretta v. California*, 422 U.S. 806, 835 (1975). "This is because, '[w]hen an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel.'" *State v. Dowey*, 9th Dist. Summit No. 25963, 2012-Ohio-4915, ¶ 3, quoting *Faretta* at 835. We review whether a defendant has made a knowing, voluntary, and intelligent waiver of his right to counsel de novo. *State v. Alexander*, 4th Dist. Ross No. 15CA3492, 2016-Ohio-5015, ¶ 4; *State v. Griffin*, 10th Dist. Franklin No. 10AP-902, 2011-Ohio-4250, ¶ 26.

{¶6} Upon review of the record, there is no indication that the trial court explained to Mr. Ott "the nature of the charges, the statutory offenses included within them, the range of allowable punishments, possible defenses, mitigation, or other facts essential to a broad understanding of the whole matter[.]" *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, ¶ 43; *Gibson* at 377, quoting *Von Moltke v. Gillies*, 332 U.S. 708, 723 (1948). Accordingly, we cannot say that he knowingly and intelligently waived his right to counsel. *See Martin* at ¶ 45.

{¶7} The State argues that, if this Court concludes that Mr. Ott did not properly waive his right to counsel, the remedy is to remove the term of incarceration from his sentence. Mr. Ott, on the other hand, argues that his conviction must be reversed, and his case remanded for a new trial. In the past, this Court has ordered both remedies, depending on the particular circumstances of the case. *See State v. Knight*, 9th Dist. Lorain No. 11CA010034, 2012-Ohio-5816, ¶ 16 (vacating jail term); *City of Cuyahoga Falls v. Hurd*, 9th Dist. Summit No. 26657, 2013-Ohio-3512, ¶ 14 (reversing and remanding for a new trial). Since our most recent decision

on this issue, however, the Supreme Court has provided additional guidance about the extent of a defendant's right to counsel under Ohio law. In *State v. Bode*, 144 Ohio St.3d 155, 2015-Ohio-1519, the Court held that an adjudication of delinquency may not be used to enhance the penalty for a later offense if the adjudication carried the possibility of confinement, it was uncounseled, and there was no effective waiver of the right to counsel. *Id*. at syllabus. It explained that the mere possibility of confinement determines whether counsel is necessary in a particular case and concluded that Mr. Bode's "uncounseled adjudication amounted to an unconstitutional violation of his due-process rights." *Id*. at ¶ 24.

{¶8} Applying *Bode* to the facts of this case, we conclude that Mr. Ott's conviction must be reversed and this case remanded for a new trial. *See id.*; *State v. Wamsley*, 5th Dist. Ashland No. 15-COA-030, 2016-Ohio-2885, ¶ 24 ("If the conviction is unconstitutional for *elevation* purposes, it cannot be allowed to stand as constitutional for *conviction* purposes.") (Emphasis sic.) Mr. Ott's first assignment of error is sustained. In light of our disposition of the first assignment of error, we conclude that Mr. Ott's remaining assignments of error are not ripe for consideration.

III.

{¶9} Mr. Ott's first assignment of error is sustained. The judgment of the Stow Municipal Court is reversed, and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
CONCURS.

SCHAFER, J.
CONCURRING.

{¶10} I agree with the Majority's analysis and resolution of Mr. Ott's first assignment of error. I write separately, however, to emphasize that since the right to counsel is a constitutional right, "strict compliance with the advisement and waiver requirements is mandatory." *State v. Wamsley*, 5th Dist. Ashland No. 15-COA-030, 2016-Ohio-2885, ¶ 10. As the trial court did not strictly comply with the waiver requirements by sufficiently inquiring into whether Mr. Ott fully understood and intelligently relinquished his right to counsel, I agree that Mr. Ott did not

knowingly and intelligently waive his Sixth Amendment right to counsel and that his conviction and sentence must be vacated.

{¶11} Lastly, with respect to the Majority's citation to *State v. Bode*, 144 Ohio St.3d 155, 2015-Ohio-1519, I wish to clarify that the facts and procedural posture of *Bode* are much less relevant to the resolution of the present matter than the Supreme Court of Ohio's explicit holding in that case. *See id*. at ¶ 24 (holding that the "*possibility* of confinement" "determines whether counsel is necessary in a particular case" under Ohio law), citing *State v. Schleiger*, 141 Ohio St.3d 67, 2014-Ohio-3970.


APPEARANCES:

JACQUENETTE S. CORGAN, Attorney at Law, for Appellant.

MEGAN E. RABER, Director of Law, and JOHN A. SCAVELLI, JR., Assistant Director of Law, for Appellee.