[Cite as *State v. Yeager*, **2018-Ohio-574.**]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

ANDRE M. YEAGER

    Appellant

C.A. Nos.    28604
               28617

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.   CR-2016-07-2429-A
              CR-2016-11-3971

DECISION AND JOURNAL ENTRY

Dated: February 14, 2018

TEODOSIO, Presiding Judge.

**{¶1}** Defendant-Appellant, Andre Yeager, appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms in part and reverses in part.

I.

**{¶2}** A grand jury indicted Mr. Yeager in two separate criminal cases. In Case No. 2016-07-2429(A), he was indicted on one count each of receiving stolen property, possessing criminal tools, obstructing official business, and driving under suspension. In Case No. 2016-11-3971, he was indicted on four counts of breaking and entering. A court-appointed attorney initially represented Mr. Yeager in both cases, but withdrew from representation when Mr. Yeager declared his intention to represent himself. The trial court ultimately accepted Mr. Yeager's decision to waive his right to counsel and later appointed stand-by counsel to assist him at trial.

{¶3} Mr. Yeager's two cases were tried together. His counts for possessing criminal tools and driving under suspension were ultimately dismissed, but the jury found him guilty of each of his remaining counts. In Case No. 2016-07-2429(A), the court sentenced him to a total of six months in prison. In Case No. 2016-11-3971, the court sentenced him to a total of four years in prison and ordered him to pay $14,928.18 in restitution. The court ordered his sentences to run consecutively for a total of four and one-half years in prison.

{¶4} Mr. Yeager appealed his convictions in both cases, and this Court consolidated the two appeals for purposes of review and decision. Mr. Yeager raises six assignments of error for our review.

II.

**ASSIGNMENT OF ERROR ONE**

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT PERMITTED DEFENDANT TO PROCEED PRO SE WITHOUT SUBSTANTIALLY COMPLYING WITH CRIM.R. 44(A), AND IN VIOLATION OF SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION.

{¶5} In his first assignment of error, Mr. Yeager argues that the trial court violated Crim.R. 44 and his constitutional rights by allowing him to act pro se. He asserts that he is entitled to relief because the court did not ensure that his waiver of counsel was knowingly, voluntarily, and intelligently entered or reduced to writing and signed in open court. This Court rejects Mr. Yeager's argument.

{¶6} The Sixth Amendment guarantees a defendant both the right to counsel and "the right to elect self-representation instead." *State v. Tucker*, 9th Dist. Lorain No. 13CA010339, 2016-Ohio-1353, ¶ 11. A defendant who wishes to represent himself must knowingly, voluntarily, and intelligently waive his right to counsel. *State v. Gibson*, 45 Ohio St.2d 366

(1976), paragraph one of the syllabus. *Accord* Crim.R. 44(A). Before accepting a defendant's waiver, "the trial court must make sufficient inquiry to determine whether [the] defendant fully understands and intelligently relinquishes [his] right." *Gibson* at paragraph two of the syllabus. Though "no one factor is dispositive," the Court should consider whether the defendant was advised of "the dangers and disadvantages of self[-]representation," "the nature of the charges and the range of allowable punishments," and "the possible defenses to the charges and applicable mitigating circumstances." *State v. Trikilis*, 9th Dist. Medina Nos. 04CA0096-M & 04CA0097-M, 2005-Ohio-4266, ¶ 13. Additionally, the court may consider "various other factors, including the defendant's age, education, and legal experience." *Id.* It is not necessary that the court "'undertake pseudo-legal representation of a defendant by specifically advising him of possible viable defenses or mitigating circumstances * * *.'" *State v. Bloodworth*, 9th Dist. Summit No. 26346, 2013-Ohio-248, ¶ 12, quoting *State v. Ragle*, 9th Dist. Summit No. 22137, 2005-Ohio-590, ¶ 12. "[A] broader discussion of defenses and mitigating circumstances as applicable to the pending charges is sufficient." *Trikilis* at ¶ 13.

{¶7} In felony cases, a waiver of counsel must be made in open court, recorded, and in writing. Crim.R. 44(C). "If a trial court substantially complies with Crim.R. 44(A), however, the failure to obtain a written waiver is harmless error." *State v. Tucker*, 9th Dist. Lorain No. 14CA010704, 2016-Ohio-1354, ¶ 17. A court substantially complies with Crim.R. 44(A) "by making a sufficient inquiry to determine whether the defendant fully understood and intelligently relinquished his or her right to counsel." *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, ¶ 39. This Court "review[s] whether a defendant has made a knowing, voluntary, and intelligent waiver of his right to counsel de novo." *State v. Ott*, 9th Dist. Summit No. 27953, 2017-Ohio-521, ¶ 5. "In determining the sufficiency of the trial court's inquiry in the context of a

defendant's waiver of counsel, this Court reviews the totality of the circumstances." *Trikilis* at ¶ 13.

{¶8} Mr. Yeager had counsel for almost five months before he filed a pro se motion to represent himself. The court held a hearing on his motion the following week and, after permitting counsel to withdraw, spoke directly with Mr. Yeager. The court explained to Mr. Yeager the State's current plea offer, all of the charges against him, and the possible maximum sentences he faced. *See id.* The court also repeatedly emphasized that he would be "at a tremendous disadvantage" if he chose to represent himself because he would be responsible for knowing the rules of evidence and criminal procedure, identifying the issues, and raising any applicable defenses. The court offered to appoint new counsel for Mr. Yeager or to afford him more time to consider, but Mr. Yeager declined and indicated that he wished to represent himself. The court then asked Mr. Yeager whether he understood its warnings about self-representation and whether he understood that he would not receive "special consideration" if he chose to go forward without counsel. Each time the court inquired of Mr. Yeager, he indicated that he understood and wished to represent himself. The court, therefore, accepted Mr. Yeager's waiver of his right to counsel.

{¶9} The record reflects that the court did not strictly comply with Crim.R. 44(A) when it accepted Mr. Yeager's waiver because it did not reduce his waiver to writing. As noted, however, strict compliance with Crim.R. 44(A) is not required so long as a court, through adequate inquiry, ensures that a defendant fully understands and intelligently relinquishes his right to counsel. *See Tucker*, 2016-Ohio-1354, at ¶ 17; *Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, at ¶ 39. Though Mr. Yeager argues that the court engaged in an inadequate inquiry, the record belies his argument. Moreover, to the extent that the court's initial inquiry was in any

way limited, the record reflects that the court revisited the topic of counsel a number of times before Mr. Yeager actually went to trial.

{¶10} Four months ultimately elapsed between Mr. Yeager's initial request to represent himself and his trial. During that time, he filed a wealth of motions pertaining to discovery, potential *Brady v. Maryland* violations, prosecutorial misconduct, and suppression. The court conducted multiple pre-trials and, at the majority of them, spoke to Mr. Yeager about his decision to waive counsel. The court informed Mr. Yeager that he was placing himself at a disadvantage by not having counsel who could locate witnesses, timely file the proper motions, and sort out discovery matters on his behalf. Nevertheless, Mr. Yeager repeatedly rejected the court's offer to appoint him new counsel.

{¶11} One month before trial, the court held another pretrial and once more encouraged Mr. Yeager to accept new counsel. The court noted that an attorney would not suffer from the same time and access restrictions that Mr. Yeager faced while incarcerated. The court also asked Mr. Yeager whether he had a high-level of confidence as far as examining witnesses and speaking with the jury because he would have to handle those matters himself if he chose not to have counsel. The court informed Mr. Yeager that, while he seemed "bright enough," the court always discouraged lay people from representing themselves due to their unfamiliarity with the rules of evidence and procedure. During that conversation, the court explained to Mr. Yeager the concept of stand-by counsel and asked whether he would be willing to accept that option. Mr. Yeager ultimately agreed to stand-by counsel, but reiterated that he did not wish to accept the appointment of another attorney. Mr. Yeager represented to the court that "this [was] not [his] first time being pro se."

{¶12} Upon review, we must conclude that Mr. Yeager validly waived his right to counsel. The record reflects that he understood his right, but was adamant about his decision to represent himself. *See Tucker*, 2016-Ohio-1354, at ¶ 18-19. He indicated, on more than one occasion, that he understood he would be bound by the rules of evidence and criminal procedure if he chose to represent himself. He also indicated that he understood the charges against him and maximum penalties he faced if convicted. Further, he indicated that he understood the court's warnings about being "at a tremendous disadvantage" if he chose to represent himself. "The trial court sufficiently explained the dangers of self-representation, the nature of the charge[s] against [him], and the allowable penalties for [those] charge[s]." *State v. Ragle*, 9th Dist. Summit No. 22137, 2005-Ohio-590, ¶ 14. Moreover, there was evidence in the record that Mr. Yeager actively participated in the proceedings, seemed "bright," and represented that "this [was] not [his] first time being pro se." *See Trikilis*, 2005-Ohio-4266, at ¶ 13 (court may consider other relevant factors when allowing defendant to proceed pro se). Upon review of the totality of the circumstances, this Court rejects Mr. Yeager's argument that he did not knowingly, intelligently, and voluntarily waive his right to counsel. *See id. Accord State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, ¶ 97-105. His first assignment of error is overruled.

## ASSIGNMENT OF ERROR TWO

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT ALLOWED THE DEFENDANT TO PROCEED TO TRIAL WITH HYBRID REPRESENTATION IN VIOLATION OF [THE] SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

{¶13} In his second assignment of error, Mr. Yeager argues that the trial court committed plain error when it allowed him and his stand-by counsel to engage in hybrid-representation. This Court rejects his argument.

{¶14} Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." For plain error to exist:

> First, there must be an error, i.e., a deviation from the legal rule. * * * Second, the error must be plain. To be "plain" within the meaning of Crim.R. 52(B), an error must be an "obvious" defect in the trial proceedings. * * * Third, the error must have affected "substantial rights" * * * [and] affected the outcome of the trial.

(Internal citations omitted.) *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). Plain error "is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus. "[T]he accused bears the burden of proof to demonstrate plain error on the record * * *." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 22.

{¶15} There "is no constitutional right to hybrid representation." *State v. Pinckney*, 9th Dist. Summit No. 28201, 2017-Ohio-2836, ¶ 6. *Accord State v. Jackson*, 9th Dist. Summit Nos. 24463 & 24501, 2009-Ohio-4336, ¶ 13 (right to counsel and right to self-representation "are independent of each other and may not be asserted simultaneously"). That is because "situations may arise in a hybrid representation environment where the accused and his 'co-counsel' disagree on strategy, which witnesses to call, and other key trial issues." *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, ¶ 33. Certain issues such as waiver cannot be decided unless a court can determine "'who [is] actually responsible for the conduct of the defense * * *.'" *State v. Rondon*, 9th Dist. Summit No. 26637, 2013-Ohio-4175, ¶ 8, quoting *Martin* at ¶ 34.

{¶16} It is undisputed that the trial court appointed Mr. Yeager stand-by counsel. The record reflects that Mr. Yeager conducted the vast majority of his defense, giving an opening statement and closing argument, examining all of the witnesses, and lodging virtually all of the objections. Even so, stand-by counsel also participated at several points in the proceedings. For instance, stand-by counsel conducted all of the voir dire, gave a brief opening statement that preceded Mr. Yeager's, argued Mr. Yeager's Crim.R. 29 motions, and gave a portion of the closing argument. Because criminal defendants are not entitled to hybrid representation, Mr. Yeager argues, the court committed plain error when it allowed both him and his stand-by counsel to participate in the proceedings.

{¶17} Mr. Yeager is correct that he had no right to hybrid-representation, and the trial court ought not to have allowed him to simultaneously assert his rights to counsel and self-representation. *See Jackson* at ¶ 13. Mr. Yeager has not explained, however, how any hybrid-representation he might have received in this matter affected the outcome of his trial. *See Barnes*, 94 Ohio St.3d at 27; *State v. Capers*, 9th Dist. Lorain No. 10CA009801, 2011-Ohio-2443, ¶ 14-15 (prejudice not demonstrated where defendant claimed plain error as a result of hybrid-representation). Though Mr. Yeager alleges plain error, he has not conducted any actual plain error analysis. *See* App.R. 16(A)(7). Moreover, it is not apparent on the face of the record that there was any actual conflict between Mr. Yeager and his stand-by counsel. *Compare Rondon*, 2013-Ohio-4175, at ¶ 11 (plea vacated where it was "unmistakably apparent on the face of the record" that discord between stand-by counsel and defendant undermined the "integrity of the plea process"). This Court will not conduct a prejudice analysis on Mr. Yeager's behalf. *See State v. Banks*, 9th Dist. Medina No. 16CA0084-M, 2017-Ohio-8777, ¶ 35. Because he has not

shown that any hybrid-representation that occurred here affected the outcome of his trial, we reject his plain error argument.

{¶18} Mr. Yeager also argues within the context of this assignment of error that he received ineffective assistance of counsel as a result of the hybrid-representation he received. His captioned assignment of error does not concern ineffective assistance of counsel, however, and he also has not conducted any analysis with regard to that argument. *See State v. Pleban*, 9th Dist. Lorain No. 10CA009789, 2011-Ohio-3254, ¶ 41, quoting *State v. Marzolf*, 9th Dist. Summit No. 24459, 2009-Ohio-3001, ¶ 16 ("An appellant's captioned assignment of error 'provides this Court with a roadmap on appeal and directs this Court's analysis.'"); App.R. 16(A)(7). As such, this Court will not address the merits of his ineffective assistance of counsel argument. Mr. Yeager's second assignment of error is overruled.

## ASSIGNMENT OF ERROR THREE

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN ASSESSING COURT COSTS AGAINST THE DEFENDANT WHEN IT WAIVED IMPOSITION OF THOSE COSTS AT SENTENCING.

{¶19} In his third assignment of error, Mr. Yeager argues that the trial court erred when it ordered him to pay court costs without first affording him an opportunity to seek a waiver of those costs. For the reasons that follow, we reject Mr. Yeager's assignment of error.

{¶20} R.C. 2947.23 requires trial courts to impose court costs in criminal cases, and a trial court may waive the payment of costs upon the motion of an indigent defendant. *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, ¶ 14. In *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, ¶ 22-23 the Ohio Supreme Court held that a trial court commits reversible error when it fails to afford a defendant an opportunity to seek a waiver of court costs at his or her sentencing hearing. The result in that case, however, "was dictated by the fact that [the prior

version of R.C. 2947.23] * * * required [defendants] to file a motion for waiver of costs at the time of sentencing." *State v. Beasley*, Slip Opinion No. 2018-Ohio-493, ¶ 264. The amended version of the statute now provides that trial courts retain jurisdiction "'to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing *or at any time thereafter*.'" (Emphasis sic.) *Id.* at ¶ 265, quoting R.C. 2947.23(C). Accordingly, *State v. Joseph* is no longer good law, and it is no longer necessary to remand matters so as to afford defendants the opportunity to seek a waiver. *Beasley* at ¶ 263-265. Because Mr. Yeager may file a motion to waive costs with the sentencing court at any time, "his request for a remand on this basis has no merit." *Id.* at ¶ 265. Mr. Yeager's third assignment of error is overruled.

## ASSIGNMENT OF ERROR FOUR

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY NOT AWARDING DEFENDANT ALL HIS JAIL-TIME CREDIT.

**{¶21}** In his fourth assignment of error, Mr. Yeager argues that the court committed plain error when it failed to award him all of his jail-time credit. According to Mr. Yeager, the trial court either should have awarded him an additional 41 days of credit or held a hearing on the issue. We reject Mr. Yeager's assignment of error.

**{¶22}** When sentencing an offender, a trial court must

[d]etermine, notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the stated prison term under [R.C. 2967.191].

R.C. 2929.19(B)(2)(g)(i). An offender may challenge a trial court's jail-time credit calculation either on direct appeal or through a post-sentence motion. *State v. Reeves*, 9th Dist. Summit Nos. 28632, 28679, 28680, 28681, and 28682, 2017-Ohio-9139, ¶ 8.

{¶23} When the trial court sentenced Mr. Yeager, it did not award him a specific amount of jail-time credit. Instead, it ordered that "[t]he total days of being held will be computed and given credit for time served." Mr. Yeager responded by noting that he had been incarcerated from "October 3rd to now * * *." He did not request a jail-time credit hearing or object to the court's pronouncement that he would be credited for time served once it was calculated. The court later awarded him 129 days of jail-time credit.

{¶24} According to Mr. Yeager, the trial court erred by not awarding him 170 days of credit or holding a hearing to determine the appropriate amount of credit. Because he did not object to the procedure the court employed, he is now limited to a claim of plain error. *See State v. Watson*, 9th Dist. Summit No. 28218, 2017-Ohio-7856, ¶ 14. We, therefore, incorporate the plain error standard set forth in the discussion of his second assignment of error.

{¶25} Mr. Yeager has not explained why the trial court erred by calculating his jail-time credit without first holding a hearing. A trial court need only conduct a hearing on jail-time credit "if one is requested." R.C. 2929.19(B)(2)(g)(i). Mr. Yeager never asked the trial court to conduct a hearing on jail-time credit. Although he made a statement that he had been incarcerated from "October 3rd to now * * *," he gave no indication that he wanted to present evidence on that issue. Moreover, because the court had yet to compute his time, there was no indication at that point that Mr. Yeager would contest the court's computation. Mr. Yeager has not shown that the court erred by not holding a hearing when no hearing was requested. As such, this Court rejects that portion of his argument.

{¶26} Insofar as Mr. Yeager argues that he is entitled to 41 additional days of jail-time credit, we must conclude that he has not satisfied his burden of demonstrating plain error. *See Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, at ¶ 22. Mr. Yeager claims, without citing any

portion of the record, that he is entitled to 170 days of credit because he was incarcerated "from October 3, 2016 to March 21, 2017." Upon review of the record, however, this Court is unable to verify those dates. It appears that, on October 13, 2016, Mr. Yeager was scheduled for a status hearing, but did not appear because he was being held at the Cleveland House of Corrections/Cleveland Workhouse. At the status hearing, his former attorney notified the court that Mr. Yeager was being held on an unrelated matter. Pursuant to R.C. 2929.19(B)(2)(g)(i), an offender is only entitled to jail-time credit for the days he has been confined "for any reason arising out of the offense for which [he] is being sentenced * * *." Thus, if Mr. Yeager was being held on another matter, he was not entitled to jail-time credit for purposes of this case.

{¶27} Apart from setting forth a blanket statement that he is entitled to additional credit, Mr. Yeager has made no attempt to point to any evidence tending to show that the court did not properly calculate his jail-time credit.[1] This Court will not construct an argument on his behalf. *See State v. Gordon*, 9th Dist. Summit No. 28331, 2017-Ohio-7147, ¶ 43. Accordingly, we reject Mr. Yeager's argument that the court erred by awarding him 129 days of credit. *See Watson*, 2017-Ohio-7856, at ¶ 17. His fourth assignment of error is overruled.

## ASSIGNMENT OF ERROR FIVE

THE TRIAL COURT COMMITTED REVERSIBLE (sic) IN ORDERING DEFENDANT TO PAY RESTITUTION WITHOUT MAKING AN ABILITY-TO-PAY FINDING AND WITHOUT GIVING THE DEFENDANT THE RIGHT TO CROSS-EXAMINE THE STATE'S EVIDENCE.

---

[1] Notably, Mr. Yeager has not raised as error that the trial court violated R.C. 2929.19(B)(2)(g) by failing to notify him of his actual jail-time credit calculation at the sentencing hearing. Because the court addressed the issue of jail-time credit at the hearing, any error he raised in that regard would be subject to plain error analysis. *See State v. Watson*, 9th Dist. Summit No. 28218, 2017-Ohio-7856, ¶ 13-15. As he has not set forth a claim of plain error on that basis, however, this Court will not construct an argument on his behalf. *See State v. Smith*, 9th Dist. Medina No. 17CA0035-M, 2017-Ohio-8680, ¶ 7.

{¶28} In his fifth assignment of error, Mr. Yeager argues that the court erred when it ordered him to pay restitution without first inquiring about his ability to pay. We agree.

{¶29} R.C. 2929.18(A)(1) authorizes a sentencing court to order financial sanctions, including restitution, to the victim.

> Restitution may be based on "an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information" as long as the amount does not exceed the economic loss suffered by the victim as a result of the commission of the offense.

*State v. Stevens*, 9th Dist. Medina Nos. 16CA0033-M & 16CA0034-M, 2017-Ohio-5482, ¶ 17, quoting R.C. 2929.18(A)(1). A trial court must "consider the offender's present and future ability to pay prior to imposing a financial sanction." *State v. Norris*, 9th Dist. Summit No. 27630, 2016-Ohio-1526, ¶ 28, citing R.C. 2929.19(B)(5). "'[T]here are no express factors that must be taken into consideration or findings regarding the offender's ability to pay that must be made on the record.'" *State v. Williams*, 9th Dist. Summit No. 26014, 2012-Ohio-5873, ¶ 17, quoting *State v. Martin*, 140 Ohio App.3d 326, 327 (4th Dist.2000). "Even so, the record must reflect that the court actually considered the defendant's ability to pay." *Williams* at ¶ 17. "A trial court commits plain error by ordering a defendant to pay restitution without first considering his ability to pay." *Id.*

{¶30} The record reflects and the State concedes that the trial court ordered Mr. Yeager to pay $14,928.18 in restitution without first considering his ability to pay. Because there is no indication in the record that the court actually considered his ability to pay, "the trial court committed plain error and must make a determination regarding [his] ability to pay restitution on remand." *Norris* at ¶ 29. Mr. Yeager also argues that the court erred by not affording him an opportunity to cross-examine witnesses about the amount of restitution he owed. Given that this

matter must be remanded for an initial determination of his ability to pay restitution, however, his additional argument is premature, and we decline to address it. Mr. Yeager's fifth assignment of error is sustained, and the matter is remanded for an ability to pay determination.

## ASSIGNMENT OF ERROR SIX

THE CUMULATIVE EFFECT OF THE TRIAL COURT'S ERRORS DENIED DEFENDANT A FAIR TRIAL.

**{¶31}** In his sixth assignment of error, Mr. Yeager argues that cumulative error deprived him of his right to a fair trial. We disagree.

**{¶32}** Cumulative error exists only where the errors during trial actually "deprive[d] a defendant of the constitutional right to a fair trial." *State v. DeMarco*, 31 Ohio St.3d 191 (1987), paragraph two of the syllabus. "'[T]here can be no such thing as an error-free, perfect trial, and * * * the Constitution does not guarantee such a trial.'" *State v. Hill*, 75 Ohio St.3d 195, 212 (1996), quoting *United States v. Hasting*, 461 U.S. 499, 508-509 (1983). To support a claim of cumulative error, there must be multiple instances of harmless error. *State v. Garner*, 74 Ohio St.3d 49, 64 (1995). "Because this Court did not find multiple instances of error, the cumulative error doctrine does not apply." *State v. Jamison*, 9th Dist. Summit No. 27664, 2016-Ohio-5122, ¶ 40. Mr. Yeager's sixth assignment of error is overruled.

### III.

**{¶33}** Mr. Yeager's fifth assignment of error is sustained, and his remaining assignments of error are overruled. On remand, the trial court must make a determination regarding Mr. Yeager's ability to pay restitution. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment affirmed in part,

reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.