[Cite as *State v. Clark*, 2018-Ohio-3932.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    17CA0066-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| THOMAS B. CLARK | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No.    16 CR 0734 |

DECISION AND JOURNAL ENTRY

Dated: September 28, 2018

CARR, Judge.

{¶1}  Defendant-Appellant Thomas Clark appeals from the judgment of the Medina County Court of Common Pleas.  This Court reverses.

I.

{¶2}  In December 2016, Clark was charged in a 30-count indictment with multiple counts of rape and gross sexual imposition involving a minor.  The indictment included a sexually violent predator specification.  The matter proceeded to a change of plea hearing, at which Clark was represented by counsel.  Clark pleaded guilty to 3 counts of rape and 10 counts of gross sexual imposition.  The remaining 2 counts of rape, 15 counts of gross sexual imposition, and the sexually violent predator specification were dismissed.  A presentence investigation report was ordered, which is not a part of this Court's record.

{¶3}  Following Clark's plea, his counsel filed a motion to withdraw.  The trial court granted the motion at a hearing and appointed Clark new counsel.  Thereafter, Clark, despite

being represented by counsel, began to file several pro se motions, including one seeking to withdraw his plea and one seeking to represent himself. At a hearing, the trial court told Clark that he could not be both represented by counsel and represent himself. The trial court asked Clark to clarify what he wanted to do. Clark indicated that he did not want his attorney to represent him. The trial court then told Clark that it would make a determination between then and the time of the next hearing as to whether Clark could represent himself and noted that the trial court would have "go through a pretty long discussion" with Clark about it before the trial court could allow it. In the interim, the trial court appointed the attorney who had been representing Clark as his standby counsel.

{¶4} At the beginning of the next hearing, the trial court noted that it had had a conversation with Clark about his right to counsel and Clark decided to proceed pro se. Clark confirmed that that was his decision. A hearing was then held on Clark's motion to withdraw his plea and briefs were also filed on this matter. Ultimately, the trial court denied Clark's motion to withdraw his plea.

{¶5} Prior to sentencing, Clark filed a motion for the appointment of counsel, which the trial court granted. The trial court sentenced Clark to a term of 25 years to life in prison on each count of rape and 36 months in prison on each count of gross sexual imposition; the terms were ordered to run concurrently to each other.

{¶6} Clark has appealed, raising four assignments of error for our review, which will be addressed out of sequence to facilitate our analysis.

## II.

### ASSIGNMENT OF ERROR II

THE RECORD IS DEVOID OF A VOLUNTARY, KNOWING, AND INTELLIGENT WAIVER OF RIGHT TO COUNSEL BY APPELLANT AND

IT WAS NOT DONE IN WRITING AND HIS CONVICTIONS MUST THEREFORE BE VACATED.

{¶7}  Clark argues in his second assignment of error that the trial court failed to obtain a voluntary, knowing, and intelligent waiver of counsel from Clark.  In so doing, Clark points out that the record contains no written waiver as required by Crim.R. 44(C).

{¶8}  "The Sixth Amendment guarantees a defendant both the right to counsel and the right to elect self-representation instead."  (Internal quotations and citations omitted.)  *State v. Yeager*, 9th Dist. Summit Nos. 28604, 28617, 2018-Ohio-574, ¶ 6.  Accordingly, "a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so."  *State v. Obermiller*, 147 Ohio St.3d 175, 2016-Ohio-1594, ¶ 28. Crim.R. 44(A) provides that "[w]here a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him at every stage of the proceedings from his initial appearance before a court through appeal as of right, unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel."  "In felony cases, a waiver of counsel must be made in open court, recorded, and in writing.  If a trial court substantially complies with Crim.R. 44(A), however, the failure to obtain a written waiver is harmless error."  (Internal quotations and citations omitted.)  *Yeager* at ¶ 7.

{¶9}  "A criminal defendant must unequivocally and explicitly invoke the right to self-representation."  (Internal quotations and citations omitted.)  *Obermiller* at ¶ 29.  "[A] defendant's unambiguous assertion of the right to self-representation triggers a trial court's duty to conduct the [appropriate] inquiries to establish that the defendant is knowingly and voluntarily waiving his constitutional right to counsel."  (Citation omitted.)  *Id.* at ¶ 30.  "[T]he trial court

must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right." *State v. Ott,* 9th Dist. Summit No. 27953, 2017-Ohio-521, ¶ 5, quoting *State v. Gibson,* 45 Ohio St.2d 366 (1976), paragraph two of the syllabus. "In determining the sufficiency of the trial court's inquiry in the context of a defendant's waiver of counsel, this Court reviews the totality of the circumstances." (Internal quotations and citation omitted.) *Yeager* at ¶ 7. "Part of that inquiry includes determining whether the defendant was advised of the dangers and disadvantages of self-representation." (Internal quotations and citations omitted.) *Ott* at ¶ 5; *see also State v. Hunter*, 9th Dist. Lorain No. 10CA009903, 2012-Ohio-1121, ¶ 14 ("In verifying that a waiver of counsel is made knowingly, voluntarily, and intelligently, a trial court must make a sufficient inquiry to determine whether the defendant was advised of the dangers and disadvantages of self-representation."). "The information a defendant must possess in order to make an intelligent election * * * will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding." (Internal quotations and citations omitted.) *State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, ¶ 101. "While no one factor is dispositive, the [] court should consider whether the defendant was advised of the nature of the charges and the range of allowable punishments, and, in addition, may consider whether the trial court advised the defendant of the possible defenses to the charges and applicable mitigating circumstances." (Internal quotations and citations omitted.) *State v. Bloodworth*, 9th Dist. Summit No. 26346, 2013-Ohio-248, ¶ 12. This does not require the trial court to "undertake pseudo-legal representation of a defendant * * * [as] a broader discussion of defenses and mitigating circumstances as applicable to the pending charges is sufficient." (Internal quotations and citations omitted.) *Yeager* at ¶ 6.

{¶10} The facts of this case are somewhat unique. Clark was initially represented by counsel and pleaded guilty while represented. At the plea, the charges against Clark were read and the possible penalties were outlined.[1] In addition, the trial court asked a little about Clark's background but did not discuss his criminal history, if any. At the time of sentencing, Clark was also represented by counsel. However, as noted above, following the plea, Clark's original attorney was allowed to withdraw and a second attorney was appointed. Nonetheless, Clark began filing several motions pro se, including one to withdraw his plea and another seeking to represent himself. At a subsequent hearing, the trial court had a discussion with Clark about his wishes. The trial court thought Clark had not had an opportunity to speak with his new attorney but Clark clarified that he had. The trial court then stated, "Having discussed this matter with your attorney, and having him explain to you about the serious nature of these matters, how it's very, very difficult for a layperson to represent [him]self on these matters, you've decided you want to proceed on your own. Is that correct?" Clark responded affirmatively. The trial court then scheduled a hearing on Clark's motion to withdraw and informed Clark's second attorney that he was appointing him as standby counsel. The trial court addressed Clark and stated:

> I'm going to make a determination between now and then, after we have a discussion on this matter, whether or not it is proper for you to represent yourself, if it is right in these circumstances that I've got to grant you your right to do so. I'm leaning toward it. It seems to be something that you pretty clearly want to do, but I have to go through a pretty long discussion with you about that, and I want to make sure you understand all of those things before you decide that "Yes, I want to do that." And if you do, then I'm going to appoint [your second attorney] to sit in the back of the courtroom.

> And if we even stop the proceedings at any time, if you want to consult with an attorney, I'm going to give you that opportunity so you can. It's not a problem.

---

[1] This should not be read to indicate this Court's position on Clark's first assignment of error.

{¶11} Immediately prior to the hearing on Clark's motion to withdraw his plea, the trial court stated that it had "had a conversation" with Clark "concerning his right to counsel" and Clark "has determined to proceed without counsel." However, that "conversation" was not on the record. Clark verified that he wanted to proceed without counsel. While during the hearing on the motion to withdraw his plea, the trial court occasionally corrected Clark and noted that that was why he should have an attorney, no further discussions about Clark's right to counsel or the dangers of proceeding pro se were had. Further, no written waiver of Clark's right to counsel appears in the record.

{¶12} The State asserts that Clark's pro se motion to represent himself, filed while he was represented, and prior to any hearing on the matter, constitutes a written waiver. However, because it "was filed before any of the discussions concerning the self-representation issue * * * this pro se motion clearly cannot amount to a waiver of [Clark's] right to counsel[.]" *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, ¶ 41.

{¶13} Moreover, while the record contains ample evidence that Clark did want to represent himself, and there was evidence that, at least at the time of the plea, the charges and penalties were discussed, we cannot say that the trial court sufficiently discussed the dangers and disadvantages of self-representation with Clark on the record. *See Hunter*, 2012-Ohio-1121, at ¶ 15. And while Clark had already pleaded guilty, he was seeking to represent himself at a hearing on a motion to withdraw his plea. That hearing involved calling witnesses and presenting evidence. Additionally, if Clark were to succeed on his motion to withdraw, he would then be faced with representing himself at trial as well. Given the foregoing, we conclude that the record fails to demonstrate that Clark's waiver of counsel was knowing, voluntary, and intelligent. Further, in light of the fact that the trial court did not substantially comply with Crim.R. 44(A),

the absence of a written waiver cannot constitute harmless error. *State v. Trikilis*, 9th Dist. Medina Nos. 04CA0096-M, 04CA0097-M, 2005-Ohio-4266, ¶ 18.

{¶14} Clark's second assignment of error is sustained.

## ASSIGNMENT OF ERROR I

APPELLANT DID NOT ENTER HIS GUILTY PLEA KNOWINGLY, INTELLIGENTLY, OR VOLUNTARILY BECAUSE THE TRIAL COURT FAILED TO PROPERLY INFORM HIM OF THE MAXIMUM AND CORRECT PENALTIES AS REQUIRED BY CRIM.R. 11(C)(2)(A).

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN NOT ALLOWING APPELLANT TO WITHDRAW HIS GUILTY PLEA PRIOR TO SENTENCING.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED BY ORDERING CONVICTIONS AND A CONSECUTIVE SENTENCE FOR SEPARATE COUNTS BECAUSE THE TRIAL COURT FAILED TO MAKE PROPER DETERMINATION AS TO WHETHER THOSE OFFENSES ARE ALLIED OFFENSES PURSUANT TO R.C. 2941.25 AND THEY ARE PART OF THE SAME TRANSACTION UNDER R.C. 2929.14.

{¶15} Clark argues in his first assignment of error that the trial court failed to properly inform him of the maximum sentences at his plea hearing. Clark argues in his third assignment of error that the trial court erred in failing to allow Clark to withdraw his plea. Clark asserts in his fourth assignment of error that the trial court erred in failing to consider whether the offenses he pleaded guilty to were allied offenses.

{¶16} In light of our resolution of Clark's second assignment of error, we conclude that Clark's first assignment of error is premature and his third and fourth assignments of error are moot. Accordingly, we decline to address them.

III.

**{¶17}** Clark's second assignment of error is sustained. Review of his first assignment of error is premature and his third and fourth assignments of error have been rendered moot by the resolution of his second assignment of error. The judgment of the Medina County Court of Common Pleas is reversed and this matter is remanded for proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
<u>CONCUR.</u>


<u>APPEARANCES:</u>

THOMAS REIN, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.