[Cite as *State v. Hurd*, 2013-Ohio-3512.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| CITY OF CUYAHOGA FALLS | C.A. No.  26657 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JULIE HURD | STOW MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.  12 CRB 2548 |

DECISION AND JOURNAL ENTRY

Dated: August 14, 2013

MOORE, Presiding Judge.

{¶1}  Defendant-Appellant, Julie Hurd, appeals from her sentence and conviction as set forth in the September 11, 2012 judgment entry of the Stow Municipal Court. This Court reverses.

I.

{¶2}  After an alleged violent altercation with her teenage son, Ms. Hurd was charged with domestic violence in violation, of R.C. 2919.25, a misdemeanor of the first degree. Ms. Hurd was arraigned and pleaded not guilty to the charge. She was released on bond with the condition of having no contact with children.

{¶3}  The matter proceeded to bench trial, and Ms. Hurd appeared in court without counsel. Prior to beginning the trial, the court inquired as follows:

* * *

Q. Ms. Hurd, you are here. I assume you're not an attorney?

A. Yes, Your Honor.

Q. You are an attorney?

A. I am without an attorney.

Q. And why is that? You choose to go to trial yourself?

A. No. I wasn't able to be here on time on Wednesday to apply for a public defender[.]

Q. You did not apply at the time of arraignment?

A. No, I didn't.

Q. Nor have you applied in the month plus since that date?

A. Yeah, I was just confused and all this, and I've been sick.

Q. Well, we're going to proceed today because a lot [of] people are being inconvenienced.

A. I understand, Your Honor.

Q. All right. I can't help you be a lawyer. At the same time, I can answer procedural questions for you.

Now, what's going to happen today is that this trial will work like all other trials. First the state of Ohio has the burden of proof [and] will go first, will have the right to give me an opening statement if they choose. You would have a chance to give an opening statement following that. Then the State would call witnesses under oath who will take the witness stand. When they get done answering the State's questions, you would have the right to cross-examine those witnesses.

At the close of the State's case you would have the right to call witnesses of your own including yourself if you [choose].

A. Yes.

Q. Those witnesses would also take the witness stand under oath. After testifying, the prosecutor would have the right to ask them questions, cross-examine them.

At the conclusion of all the evidence, both sides would have the right to give a closing argument to me. At that point in time I would make a decision.

Do you understand that basically?

A. I understand, Your Honor.

\* \* \*

{¶4} Upon hearing testimony from several witnesses, the trial court found Ms. Hurd guilty of domestic violence. She was sentenced to ten days in the county jail and a fine of $250. Further, the jail-time was suspended so long as Ms. Hurd obeys all laws for two years.

{¶5} Ms. Hurd appealed, raising three assignments of error for our consideration. Because it is dispositive of this appeal, we begin our discussion with Ms. Hurd's second assignment of error.

## II.

### ASSIGNMENT OF ERROR II

[MS. HURD] WAS DENIED ASSISTANCE OF COUNSEL AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS.

{¶6} In her second assignment of error, Ms. Hurd argues that her Sixth Amendment right to counsel was violated when the trial court: (1) failed to fully inquire into the circumstances surrounding her inability to obtain counsel and (2) failed to obtain from her a knowing, intelligent, and voluntary waiver of this right prior to proceeding with trial. We agree.

{¶7} "The Sixth Amendment provides that a criminal defendant shall be entitled to have the assistance of counsel for [her] defense, as well as the right to act as [her] own counsel when she knowingly, voluntarily, and intelligently elects to do so." *State v. Hunter*, 9th Dist. Lorain No. 10CA009903, 2012-Ohio-1121, ¶ 14, citing *Faretta v. California,* 422 U.S. 806 (1975). "In verifying that a waiver of counsel is made knowingly, voluntarily, and intelligently, a trial court must make a sufficient inquiry to determine whether the defendant was advised of the dangers and disadvantages of self-representation." *Hunter* at ¶ 14, citing *State v. Gibson,* 45 Ohio St.2d 366 (1976), paragraphs one and two of the syllabus.

{¶8}    In *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, ¶ 24, the Supreme Court of Ohio stated: "*[a]t the very least* \*\*\* any waiver of counsel must be made on the record in open court, and in cases involving serious offenses where the penalty includes confinement for more than six months, the waiver must also be in writing and filed with the court." (Emphasis added.)  *See also* Crim.R. 22 and Crim.R. 44. Further, "[a] knowing, intelligent, and voluntary waiver of counsel is demonstrated through inquiry by the trial court that is sufficient 'to determine whether defendant fully understands and intelligently relinquishes' representation." *State v. Leavell*, 9th Dist. Lorain No. 08CA009495, 2009-Ohio-4616, ¶ 4, quoting *Gibson* at paragraph two of the syllabus.  Moreover, "this Court has held that an inquiry as to the dangers of self-representation 'must be made, even when the defendant is seemingly engaging in delay tactics, because such a delaying strategy by the defendant is often employed where the defendant does not understand the crucial role of counsel in criminal cases.'" *Hunter* at ¶ 15, quoting *State v. Weiss,* 92 Ohio App.3d 681, 685 (9th Dist.1993).

{¶9}    Here, the record indicates that Ms. Hurd was charged with domestic violence, a misdemeanor of the first degree, punishable by imprisonment of no more than 180 days.  *See* R.C. 2929.24(A)(1).  Pursuant to Crim.R. 2(D), this would be considered a petty offense because the penalty required by law includes not more than six months of imprisonment.  Crim.R. 44(B) governs the appointment of counsel in petty offenses, stating as follows:

> Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.

Prior to beginning trial, the judge inquired as to whether Ms. Hurd was an attorney.  Ms. Hurd stated that she was not an attorney, and was without an attorney.  The judge then asked why that

was, and whether Ms. Hurd had chosen to go to trial herself. Ms. Hurd stated "[n]o. I wasn't able to be here on time on Wednesday to apply for a public defender[.]" The judge went on to ask whether Ms. Hurd had applied for counsel at her arraignment or during the month since that date. Ms. Hurd stated that she had not applied for counsel because she was confused and had been sick. The judge then stated "[w]ell, we're going to proceed today because a lot [of] people are being inconvenienced." Ms. Hurd expressed that she "understood" and the judge explained the basic stages of trial.

{¶10} In the present matter, the record is devoid of any indication that Ms. Hurd waived her right to counsel. When the trial court asked Ms. Hurd if she chose to go to trial alone, she said "no." Further, the trial court made no inquiries as to whether Ms. Hurd was advised of the dangers and disadvantages of self-representation. *See Hunter* at ¶ 14. Although Ms. Hurd apparently had ample time to apply for counsel between her arraignment and the trial date, which could be indicative of a delay tactic, the trial court was still required to determine Ms. Hurd's level of knowledge and understanding as to the dangers associated with self-representation. *See id*. at ¶ 15. Therefore, because the trial court failed to make any of these inquiries on the record, we cannot say that Ms. Hurd knowingly, intelligently, and voluntarily relinquished her right to be represented by counsel. *See Leavell* at ¶ 4.

{¶11} In the past, when addressing situations involving petty offenses, this Court has modified the appellant's sentence by removing any jail time, while upholding the conviction. *See State v. Dowey*, 9th Dist. Summit No. 25963, 2012-Ohio-4915, ¶ 6; *State v. Knight*, 9th Dist. Lorain No. 11CA010034, 2012-Ohio-5816, ¶ 16; *but see Hunter* at ¶ 18. However, in this particular case, Ms. Hurd clearly indicated that she did not *choose* to go to trial without counsel and, further, she explained that she had been sick and confused. The trial court disregarded these

statements, citing inconvenience as to those involved in this case. As such, we do not believe that simply removing the jail time from Ms. Hurd's sentence creates a just result. Therefore, based upon the facts in *this* record, we reverse and remand for a new trial. *See Cleveland v. Anderson*, 8th Dist. Cuyahoga No. 97787, 2013-Ohio-165, ¶ 11, (where the appellant was convicted of a petty offense, the 8th District Court of Appeals reversed and remanded the matter for a new trial because "[t]he trial court failed to advise [the appellant] of the dangers of self-representation, the elements of the charge, any defenses to the charge, and the maximum possible penalty.").

{¶12} Accordingly, Ms. Hurd's second assignment of error is sustained.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY FAILING TO CONDUCT SUFFICIENT INQUIRY INTO THE ALLEGED VICTIM'S COMPETENCY TO TESTIFY AT TRIAL.

### ASSIGNMENT OF ERROR III

[MS. HURD'S] CONVICTION FOR DOMESTIC VIOLENCE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL.

{¶13} Because of our resolution of Ms. Hurd's second assignment of error, her first and third assignments of error are moot. *See* App.R. 12(A)(1)(c).

III.

{¶14} In sustaining Ms. Hurd's second assignment of error, and deeming Ms. Hurd's first and third assignments of error moot, the Stow Municipal Court's judgment is reversed and this cause remanded for a new trial.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.


APPEARANCES:

J. REID YODER, Attorney at Law, for Appellant.

STACY MCGOWAN, Attorney at Law, for Appellee.