**[Cite as *State v. Briggs*, 2021-Ohio-1980.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

STATE OF OHIO

    Appellee

v.

DENNIS BRIGGS

    Appellant

C.A. Nos.    18AP0008
                18AP0023

APPEAL FROM JUDGMENT
ENTERED IN THE
WAYNE COUNTY MUNICIPAL COURT
COUNTY OF WAYNE, OHIO
CASE Nos.   2017 CR-B 002198
             2017 CR-B 002199
             2017 CR-B 002200
             2017 CR-B 002201

DECISION AND JOURNAL ENTRY

Dated: June 14, 2021

SUTTON, Judge.

**{¶1}** Defendant-Appellant Dennis Briggs appeals the judgments of the Wayne County Municipal Court. This Court, in determining Mr. Briggs' waiver of his Sixth Amendment right to counsel was not knowingly, voluntarily, and intelligently made, affirms Mr. Briggs' convictions for trespass, as modified, and further remands this matter to the trial court with instructions to immediately vacate Mr. Briggs' 30-day jail sentence.

I.

**The Convictions and Sentence**

**{¶2}** Following two bench trials, set approximately one month apart, the Wayne County Municipal Court found Mr. Briggs guilty of four counts of criminal trespass in violation of R.C. 2911.21(A)(3). Mr. Briggs, a homeless individual, was pro se, or without counsel, at both trials.

As such, Mr. Briggs faced a number of challenges involving discovery, continuances, and witnesses. The trial court sentenced Mr. Briggs to 30 days in jail. Further, the trial court stayed Mr. Briggs' jail sentence during his first appeal to this Court.

## The First Appeal

{¶3} In *State v. Briggs*, 9th Dist. Wayne Nos. 18AP0008, 18AP0023, 2019-Ohio-5290, ¶ 23 ("*Briggs I*"), Mr. Briggs, through counsel, raised only two assignments of error: (1) Mr. Briggs' convictions were based upon insufficient evidence and against the manifest weight of the evidence; and (2) the trial court improperly allowed hearsay testimony. This Court overruled both assignments of error and affirmed Mr. Briggs' convictions and sentence.

## Application to Reopen Appeal

{¶4} Through newly appointed counsel, Mr. Briggs filed an Application to Reopen his direct appeal. In his application, Mr. Briggs contended that his former counsel was ineffective by: (1) failing to order all pre-trial transcripts; and (2) failing to raise an assignment of error regarding whether Mr. Briggs knowingly, intelligently, and voluntarily waived his right to counsel prior to trial. In finding a genuine issue as to whether Mr. Briggs was deprived effective assistance of counsel on appeal, this Court granted the Application to Reopen. Further, Mr. Briggs filed motions, with this Court and the trial court, to extend the suspension of the execution of his sentence on a personal recognizance bond. Subsequent to the trial court's denial of Mr. Briggs' motion, we granted the motion on the bond and conditions previously ordered by the trial court. This matter proceeds as if on initial appeal.

**The Present Appeal**

**{¶5}** Mr. Briggs raises a single assignment of error for our consideration regarding whether he validly waived his constitutional right to counsel prior to the commencement of the trials for criminal trespass. We now discuss this assignment of error.

II.

**ASSIGNMENT OF ERROR**

**DENNIS BRIGGS WAS DEPRIVED OF HIS RIGHT TO COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND CRIM.R. 44(B) WHEN THE TRIAL COURT SENTENCED HIM TO CONFINEMENT WITHOUT HAVING INQUIRED INTO WHETHER HE KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY WAIVED HIS RIGHT TO COUNSEL.**

**{¶6}** In his sole assignment of error, Mr. Briggs argues that, although the trial court informed him of his right to counsel and the potential penalties for criminal trespass, the trial court failed to advise him about: (1) the requirement to follow the Rules of Evidence; (2) possible defenses to the charges; or (3) any applicable mitigating circumstances. As such, Mr. Briggs asserts the trial court failed to ensure he knowingly, intelligently, and voluntarily waived his right to counsel. Further, Mr. Briggs argues that the present appeal is factually similar to *State v. Dowey*, 9th Dist. Summit No. 25963, 2012-Ohio-4915, wherein this Court affirmed the defendant's convictions and modified the judgments to vacate his jail sentence. Mr. Briggs requests this Court issue the *Dowey* remedy in this matter.

**{¶7}** Plaintiff-Appellee, the State of Ohio, acknowledges that Mr. Briggs was "never advised of the possible defenses to the charges or of any possible mitigation." However, notwithstanding these deficiencies, the State urges this Court to find the trial court substantially complied with its obligation to ensure Mr. Briggs knowingly, voluntarily, and intelligently waived

his right to counsel. In the alternative, the State submits that if this Court does not find substantial compliance or a valid waiver of Mr. Briggs' right to counsel, this Court should affirm Mr. Briggs' convictions and vacate his jail sentence.

### Waiver of Right to Counsel

{¶8} "The Sixth Amendment guarantees a defendant both the right to counsel and 'the right to elect self-representation instead.'" *State v. Yeager*, 9th Dist. Summit Nos. 28604, 28617, 2018-Ohio-574, ¶ 6, quoting *State v. Tucker*, 9th Dist. Lorain No. 13CA010339, 2016-Ohio-1353, ¶ 11. However, "[a] defendant who wishes to represent himself must knowingly, voluntarily, and intelligently waive his right to counsel." *Yeager* at ¶ 6, citing *State v. Gibson*, 45 Ohio St.2d 366 (1976), paragraph one of the syllabus. As indicated in Crim.R. 44(B):

> Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent the defendant. When a defendant charged with a petty offense is unable to obtain counsel, *no sentence of confinement may be imposed upon the defendant, unless after being fully advised by the court, the defendant knowingly, intelligently, and voluntarily waives assignment of counsel.*

(Emphasis added.)

{¶9} Indeed, "[t]he assistance of counsel is often a requisite to the very existence of a fair trial." *Argersinger v. Hamlin*, 407 U.S. 25, 31 (1972). As such, "[c]ourts are to indulge every reasonable presumption against the waiver of a fundamental constitutional right including the right to be represented by counsel. "*State v. Trikilis*, 9th Dist. Medina Nos. 04CA0096-M, 04CA0097-M, 2005-Ohio-4266, ¶ 12. Thus, because waiver of counsel may be impactful upon a person's liberties, "the trial court must make sufficient inquiry to determine whether [the] defendant fully understands and intelligently relinquishes [his] right." *Trikilis* at ¶ 12, quoting *State v. Gibson*, 45 Ohio St. 2d 366 (1976) at paragraph two of the syllabus.

{¶10} This Court, in *Trikilis* at ¶ 13, explained as follows:

In determining the sufficiency of the trial court's inquiry in the context of a defendant's waiver of counsel, *this Court reviews the totality of the circumstances.* In verifying that a waiver of counsel is made knowingly, voluntarily, and intelligently, a trial court should determine whether the defendant was advised of the dangers and disadvantages of self [-] representation. *While no one factor is dispositive, [this Court] should consider whether the defendant was advised of the nature of the charges and the range of allowable punishments, and, in addition, [this Court] may consider whether the trial court advised the defendant of the possible defenses to the charges and applicable mitigating circumstances.* We reaffirm our holding, however, that the trial court's discussion of possible defenses and mitigating circumstances need not be fact specific. In order to avoid placing the trial court in the role of an adversary, a broader discussion of defenses and mitigating circumstances as applicable to the pending charges is sufficient. A court may also consider various other factors, including the defendant's age, education, and legal experience.

(Emphasis added.) (Internal citations omitted.) Therefore, in determining whether the trial court made sufficient inquiry into whether Mr. Briggs knowingly, voluntarily, and intelligently relinquished his right to counsel, this Court must look to the record and review the totality of circumstances.

**The Record as to Waiver**

{¶11}   In the present matter, the record reflects that, at his arraignment, a magistrate of the court assigned Mr. Briggs a public defender.  The trial court then granted the public defender's motion to withdraw as counsel because Mr. Briggs would not sign the fee agreement.  Prior to consolidation of the four charges of criminal trespass, two pre-trial hearings were held before two different trial court judges.

{¶12}   At the first pre-trial hearing, on January 23, 2018, the trial court made no inquiry whatsoever into whether Mr. Briggs wished to waive his right to counsel or understood the ramifications of doing so.  Instead, the judge admonished Mr. Briggs about, what he described as, a failure to cooperate with the public defender's office by not providing a financial affidavit.  The trial court also told Mr. Briggs he could hire private counsel or represent himself.  Mr. Briggs

attempted to explain what happened with the public defender's office, but the trial court cut the conversation short. In so doing, the trial court stated:

> Okay. This matter is set for pre-trial conference today. You are currently unrepresented because the [c]ourt has permitted Mr. Rudy to withdraw as counsel of record. Because you are unrepresented, I need to have your approval to hold the pre-trial conference. The purpose for that is because you don't have the benefit of an attorney and I want to make sure that you want to hold the pre-trial conference. Do you want to hold the pre-trial conference?

Mr. Briggs responded, "Yes, Your Honor. We are here." The trial court then advised Mr. Briggs of the trial on January 29, 2018, and asked if he would be prepared to proceed. Mr. Briggs responded, "Yes. Your Honor." The pre-trial hearing ended shortly thereafter.

{¶13} At the second pre-trial hearing on January 25, 2018, before a different judge, the prosecutor advised the trial court that Mr. Briggs wanted to represent himself. The trial court asked Mr. Briggs if he had an attorney or desired to hire an attorney for assistance. In response, Mr. Briggs explained:

> I don't, Your Honor. The [m]agistrate recommended the Public Defender's Office and I went down there and they asked me if I was homeless and I said yes. They asked me if I had any income and I said no and they said well then you are eligible. But see when I read the paper they wanted me to sign a paper. The paper said that either, Your Honor, or the county could claim that I had to pay anyway regardless of that and so I addressed that to them and they said that they weren't willing to put anything in writing that said that I wouldn't have to pay. And so because of the possibility of, Your Honor, [] or the county, because legal fees are really expensive.

The trial court continued questioning Mr. Briggs about whether he was employed or had any assets to pay for an attorney. Mr. Briggs further explained:

> [T]he problem is that the Public Defender's Office and I can't agree on, you know, when you sign something you are bound by it and so if, Your Honor, or the other, Your Honor, or the county would claim that I have to pay those fees, then I would have to pay them. I wouldn't have any dispute. So, I think it is fair for me to just proceed pro se so then there is no dispute over possible legal fees. To be honest with you, Your Honor, I thank you for taking the time to talk to me. I don't understand why I'm here. The facts of this case are clear. I was permitted to be [at Family Pools and Spas.]

After granting continuances of the scheduled trials, the judge then stated:

> And in the meantime, Mr. Briggs, I would strongly advise you to consult with an attorney to assist you in this matter. And if you are asking for the Court for an appointment or you at least want to consider having any attorney assist you with this, the Court would appoint one to help you with this if that's something you are asking for. I don't know if you want to handle this on your own or if you would like to speak with somebody at least to go over these cases. You have four of them. I can't tell you what to do with your case. You're at liberty to represent yourself pro se if you so choose, but these cases, you have four cases. They are all misdemeanors of the fourth degree. And as you saw the individual that was sentenced before you, that was a misdemeanor of the fourth degree, there is the possibility of up to thirty days in the Wayne County Jail if you would be convicted of any one of these offenses so.
>
> * * *
>
> So, and I'm not saying that would be the sentence or that you would even be convicted but I'm just saying that there are potential consequences of this and this might be something that might be good to have an attorney assist you with. Do you understand?

Mr. Briggs responded, "Okay, Your Honor." The record also indicates that, prior to the commencement of either trial, no additional dialogue was exchanged regarding the waiver of Mr. Briggs' right to counsel.

### **Application of Law to the Record**

{¶14}  Based upon relevant portions of the record, as excerpted above, the trial court did not fully warn Mr. Briggs of the dangers and disadvantages of self-representation or sufficiently verify Mr. Briggs' waiver of counsel was made knowingly, voluntarily, and intelligently. In *Dowey*, this Court vacated a defendant's jail sentence where the record indicated that "the municipal court [never] told Mr. Dowey about the dangers and disadvantages of self-representation[,] did not tell Mr. Dowey about his need to follow the rules of evidence and

procedure, about possible defenses to the charges, or about any applicable mitigating circumstances." (Internal quotations and citations omitted.) *Dowey* at ¶ 5.

{¶15} Here, like *Dowey*, the trial court advised Mr. Briggs that, if convicted, criminal trespass is a fourth-degree felony punishable by 30 days in jail, but the record is completely void of any discussion, even cursory in nature, regarding following the rules of evidence and procedure, possible defenses to the charges and applicable mitigating circumstances. When Mr. Briggs attempted to disclose he had permission to be at Family Pools and Spas, the trial court stated, "I don't want you to get into your defenses and all of those things that you will be entitled to argue or have somebody argue on your behalf." At that time, the trial court could have broadly informed Mr. Briggs about defenses or possible mitigating circumstances to criminal trespass without taking an adversarial role against the State. Moreover, there is nothing in the record to indicate the trial court considered Mr. Briggs' age, education, or legal experience in order to gauge whether Mr. Briggs' knowingly, voluntarily and intelligently waived his right to counsel. Mr. Briggs was also never advised he would be required to follow the Rules of Criminal Procedure and Evidence.

{¶16} In addition, the record shows Mr. Briggs, a homeless individual, repeatedly expressed his concern to the trial court that he would not have the ability to pay for legal fees should he accept the appointment of counsel. Specifically, Mr. Briggs told the trial court, "legal fees are really expensive," and it is "fair for me to just proceed pro se so then there is no dispute over possible legal fees." After hearing Mr. Briggs' concerns, the trial court simply ended the discussion and allowed him to proceed pro se without ensuring the waiver was voluntary.

{¶17} This Court, based upon the totality of the circumstances, simply cannot say Mr. Briggs knowingly, voluntarily, and intelligently waived his Sixth Amendment right to counsel. The trial court clearly failed to warn Mr. Briggs about the dangers and disadvantages of self-

representation prior to allowing Mr. Briggs to defend himself against four counts of criminal trespass. Therefore, in line with our precedent in *Dowey*, *supra*, we instruct the trial court to immediately vacate Mr. Briggs' 30-day jail sentence and affirm the judgments of the Wayne County Municipal Court as so modified. Further, because this Court has determined that the trial court erred to the prejudice of Mr. Briggs, as explained above, and because former appellate counsel failed to raise this issue in the prior appeal, this Court vacates its prior judgment and enters this judgment pursuant to App.R. 26(B)(9).

III.

{¶18} For the foregoing reasons, Mr. Briggs' sole assignment of error is sustained. The judgments of the Wayne County Municipal Court are affirmed as modified. We remand this matter with specific instructions to the trial court to immediately vacate Mr. Briggs' 30-day jail sentence.

> Judgments affirmed as modified
> and remanded with instructions
> to vacate 30-day jail sentence.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETTY SUTTON
FOR THE COURT

CARR, P. J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

MAX HERSCH, Assistant State Public Defender, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and ANDREA D. UHLER, Assistant Prosecuting Attorney, for Appellee.