[Cite as *State v. Condos*, 2022-Ohio-112.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 29782 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ZACHARY CONDOS | STOW MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 20 CRB 1080 |

DECISION AND JOURNAL ENTRY

Dated: January 19, 2022

HENSAL, Presiding Judge.

{¶1}   Zachary Condos appeals his criminal trespassing conviction from the Stow Municipal Court.  This Court affirms in part, reverses in part, and remands the matter for further proceedings consistent with this decision.

I.

{¶2}   Mr. Condos was charged with one count of criminal trespassing in violation of Tallmadge Codified Ordinance 541.05, which is a misdemeanor of the fourth degree, and considered a petty offense.  *See* Crim.R. 2(C) and (D) (defining a "[p]etty offense" as a misdemeanor with a penalty of six months or less of confinement); Tallmadge Codified Ordinance 541.05(d)(1) (providing that criminal trespass is a misdemeanor of the fourth degree); *id*. at 501.99(b)(1)(D) (providing that jail time for a misdemeanor of the fourth degree shall be "not more than thirty days.").  He pleaded not guilty and the matter proceeded to a bench trial.

{¶3} At the start of the trial, the prosecutor indicated that Mr. Condos was proceeding pro se. The prosecutor then indicated that the City had discussed resolving the case with Mr. Condos at a pretrial, but that Mr. Condos was not interested in pleading guilty to the charged offense.

{¶4} The trial court then addressed Mr. Condos. It did not refer to the charge itself (either by name or statute), but indicated that it was a misdemeanor of the fourth degree, with punishment of up to 30 days in jail and a $250 fine. The trial court explained that the prosecutor had indicated that, if he pleaded guilty, the prosecutor would request a suspended jail sentence. The trial court also explained that it would probably order him not to return to the property that was the subject of the trespassing charge. The trial court confirmed that Mr. Condos understood – and was rejecting – the prosecutor's offer.

{¶5} The trial court then asked Mr. Condos if he was representing himself, and he answered affirmatively. The trial court informed him that the Rules of Evidence applied to him whether he knew those rules or not. Mr. Condos indicated that he understood. The trial court then stated that it was going to start the trial with opening statements, which – like closing arguments – are not evidence. Mr. Condos again indicated that he understood. After the prosecutor and Mr. Condos both declined to give opening statements, the trial court allowed the prosecutor to call her first witness.

{¶6} The trial court ultimately found Mr. Condos guilty. It sentenced him to: (1) 30 days in jail, which it suspended, (2) a $250 fine with $150 suspended; and (3) six months of community control. It also ordered him to have no contact with the property that was the subject of the trespassing charge, or with the family that resided there. Mr. Condos now appeals, raising four assignments of error for this Court's review.

ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND PLAIN ERROR AND DEPRIVED MR. CONDOS OF HIS RIGHT TO COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION AS THE COURT FAILED TO ENSURE THAT MR. CONDOS HAD MADE A VOLUNTARY, KNOWING, AND INTELLIGENT WAIVER OF HIS RIGHT TO COUNSEL IN ACTING PRO SE AT THE TRIAL.

{¶7} In his first assignment of error, Mr. Condos argues that the trial court violated his constitutional rights by not ensuring that he voluntarily, knowingly, and intelligently waived his right to counsel. This Court agrees.

{¶8} The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to counsel for his defense. *Accord* Ohio Constitution, Article I, Section 10. Pursuant to Criminal Rule 44(B), "[w]hen a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon [him], unless after being fully advised by the court, [he] knowingly, intelligently, and voluntarily waives assignment of counsel."

{¶9} "We review whether a defendant has made a knowing, voluntary, and intelligent waiver of his right to counsel de novo." *State v. Ott*, 9th Dist. Summit No. 27953, 2017-Ohio-521, ¶ 5. As this Court has stated:

> The Ohio Supreme Court has held that a defendant has the right of self-representation and "that he may proceed to defend himself without counsel when he voluntarily, and knowingly, and intelligently elects to do so." *State v. Gibson*, 45 Ohio St.2d 366 (1976), paragraph one of the syllabus. "In order to establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right." *Id.* at paragraph two of the syllabus. Part of that inquiry includes determining whether "the defendant was advised of the dangers and disadvantages of self-representation." *State v. Hunter*, 9th Dist. Lorain No. 10CA009903, 2012-Ohio-1121, ¶ 14, *see Faretta v. California*, 422 U.S. 806, 835 (1975). "This is because, '[w]hen an accused manages his own defense, he relinquishes, as a

purely factual matter, many of the traditional benefits associated with the right to counsel.'" *State v. Dowey*, 9th Dist. Summit No. 25963, 2012-Ohio-4915, ¶ 3, quoting *Faretta* at 835.

*Id.*

{¶10} Upon review of the record, there is no indication that the trial court explained to Mr. Condos "the nature of the charges, the statutory offenses included within them, the range of allowable punishments, possible defenses, mitigation, or other facts essential to a broad understanding of the whole matter[.]" *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, ¶ 43; *Gibson* at 377, quoting *Von Moltke v. Gillies*, 332 U.S. 708, 723 (1948). Accordingly, we cannot say that he voluntarily, knowingly, and intelligently waived his right to counsel. *See Martin* at ¶ 45. Having determined that the trial court violated Mr. Condos's constitutional right, we now turn to the appropriate remedy under these circumstances.

{¶11} Over the years, the appellate courts, including this Court, have sometimes determined that the appropriate remedy for failing to advise a defendant of his or her right to counsel is to vacate the jail term portion of the defendant's sentence. *See, e.g.*, *State v. Briggs*, 9th Dist. Wayne Nos. 18AP0008 and 18AP0023, 2021-Ohio-1980, ¶ 17. Other times, the appellate courts have determined that the appropriate remedy is to vacate the defendant's conviction and grant the defendant a new trial. *See, e.g.*, *City of Cuyahoga Falls v. Hurd*, 9th Dist. Summit No. 26657, 2013-Ohio-3512, ¶ 10-11. In *State v. Ott*, this Court acknowledged that it "has ordered both remedies, depending on the particular circumstances of the case." 2017-Ohio-521, at ¶ 7. This Court noted that, subsequent to those decisions, "the Supreme Court * * * provided additional guidance about the extent of a defendant's right to counsel under Ohio law." *Id.* We then cited the Ohio Supreme Court's decision in *State v. Bode*, which concluded that an "uncounseled adjudication amounted to an unconstitutional violation of [the defendant's] due-

process rights. 144 Ohio St.3d 155, 2015-Ohio-1519, ¶ 24. Applying *Bode*, we concluded that the defendant's conviction must be reversed, and the case remanded for a new trial. *Ott* at ¶ 8; *see State v. Owens*, 9th Dist. Summit No. 29098, 2019-Ohio-2206, ¶ 14 (following *Ott*); *State v. Wamsley*, 5th Dist. No. 15-COA-030, 2016-Ohio-2885, ¶ 18-25 (analyzing the Ohio Supreme Court's decision in *Bode*, and explaining why ordering a new trial, not vacating the jail-term portion of the defendant's sentence, is the appropriate remedy); *contra Briggs* at ¶ 17.

{¶12} Despite being entitled to a new trial, Mr. Condos has requested that this Court vacate the jail term portion of his sentence; he has not requested a new trial. Nonetheless, we find that the appropriate remedy in this case is to remand the matter to the trial court with instructions that Mr. Condos be given the opportunity to request a new trial, or to request that the jail term portion of his sentence be vacated. *See State v. Engle*, 74 Ohio St.3d 525, 528 (1996) (remanding the matter to the trial court with instructions that the defendant be given the opportunity to withdraw her involuntary plea and proceed to trial). Mr. Condos's first assignment of error is sustained on that basis.

## ASSIGNMENT OF ERROR II

THE STATE FAILED TO PROVE TRESPASS BEYOND A REASONABLE DOUBT IN THAT IT FAILED TO PROVE THAT ZACHARY WAS ON THE PROPERTY HE DID NOT HAVE PRIVILEGE TO BE ON AND IT FAILED TO PROVE THAT ANY STATE'S WITNESS HAD AUTHORITY TO REVOKE PRIVILEGE[.]

{¶13} In his second assignment of error, Mr. Condos challenges the sufficiency of the evidence presented at trial. Although this Court has sustained Mr. Condos's first assignment of error, "we must still address his sufficiency challenge, as a reversal on sufficiency grounds would bar retrial." *Owens*, 2019-Ohio-2206, at ¶ 19.

{¶14}   Whether a conviction is supported by sufficient evidence is a question of law, which this Court reviews de novo.  *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).  "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."  *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.  In conducting this inquiry, "we do not resolve evidentiary conflicts or assess the credibility of witnesses, because these functions belong to the trier of fact."  *State v. Hall*, 9th Dist. Summit No. 27827, 2017-Ohio-73, ¶ 10.  Additionally, while Mr. Condos challenges the admissibility of some of the evidence presented at trial in his fourth assignment of error, in a sufficiency analysis, "we consider all the testimony regardless of any alleged error in its admission."  *State v. Meinke*, 9th Dist. Lorain Nos. 15CA010738 and 15CA010739, 2017-Ohio-7787, ¶ 10.

{¶15}   Tallmadge Codified Ordinance 541.05(a)(1) provides that "[n]o person, without privilege to do so, shall * * * [k]nowingly enter or remain on the land or premises of another[.]"  "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature.  A person has knowledge of circumstances when the person is aware that such circumstances probably exist."  *Id.* at 501.08(b).

{¶16}   At trial, the City called L.L. as its first witness.  L.L. testified that he lives at the subject property, and that he was there on the day Mr. Condos allegedly trespassed.  He testified that he was sitting on his front porch, and that his son and his son's dog were in his front yard.  According to him, he saw Mr. Condos walking down the road.  Mr. Condos then stopped in front of his house and started cursing at his son.  Mr. Condos then walked to L.L.'s neighbor's yard,

continued cursing at his son, and then walked back into L.L.'s yard. L.L. testified that he and his son repeatedly told Mr. Condos to leave, but Mr. Condos remained on his property and continued yelling and cursing at his son. L.L. then told Mr. Condos he was going to call the police, at which point Mr. Condos walked away. L.L. also testified that he had told Mr. Condos on two or three prior occasions that he was not welcome on his property, and that the police had been involved in the past.

{¶17} The City then called L.L.'s wife, who testified that she was not home when Mr. Condos was on their property. She testified that she was on her way back from the gas station and saw Mr. Condos walking away from their house. She also testified that Mr. Condos had trespassed on their property in the past, and that Mr. Condos had been told several times that he was not allowed on their property.

{¶18} Next, the City called Sergeant Woofter, who testified that he had past dealings with Mr. Condos. He testified that those dealings included trespassing issues at the subject property, and that he had previously told Mr. Condos that he was never to return to that property, or have any more contact with L.L.'s son.

{¶19} Finally, the City called Officer Quillen, who responded to the scene and spoke with L.L., his wife, his son, and – eventually – Mr. Condos. He testified that he was aware that Sergeant Woofter had previously told Mr. Condos not to return to the property. He testified that Mr. Condos was very agitated, and that Mr. Condos insisted that there was no proof that he was on L.L.'s property. He also testified that Mr. Condos told him that he was on the street to mow his grandparent's lawn, and that he just happened to walk by L.L.'s house.

{¶20} With that evidence in mind, we now turn to Mr. Condos's arguments with respect to the sufficiency of the evidence. He argues that the City failed to prove: (1) that he lacked

privilege to be on the property; (2) that he was even on the property, as opposed to a public area near the property; (3) that his privilege to be on the property had been revoked; (4) that he remained on the property after being told to leave; and (5) that L.L. had the authority to tell him to leave the property.

{¶21} Despite Mr. Condos's arguments to the contrary, the testimony presented at trial indicated that L.L. lived at the subject property, that Mr. Condos walked into his yard and started cursing at his son, that L.L. and his son repeatedly told him to leave, that Mr. Condos remained on the property despite being told to leave, and that Mr. Condos did not leave until L.L. told him he was going to call the police. The testimony also indicated that Mr. Condos had been previously told never to return to L.L.'s property. Viewing this evidence in a light most favorable to the City, we conclude that a rational trier of fact could have found the essential elements of criminal trespassing proven beyond a reasonable doubt. Mr. Condos's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]

ASSIGNMENT OF ERROR IV

THE TRIAL COURT COMMITTED PLAIN ERROR IN ALLOWING TESTIMONY AS TO "OTHER ACTS" EVIDENCE PERTAINING TO CLAIMS OF ZACHARY TRESPASSING AT TIMES OTHER THAN ON MAY 2, 2020.

{¶22} In light of this Court's resolution of Mr. Condos's first and second assignments of error, we decline to address his third and fourth assignments of error on the basis that they are moot. *See* App.R. 12(A)(1)(c).

III.

{¶23} Mr. Condos's first assignment of error is sustained. Mr. Condos's second assignment of error is overruled. We decline to address Mr. Condos's third and fourth assignments of error on the basis that they are moot. The judgment of the Stow Municipal Court is affirmed in part, reversed in part, and the matter is remanded for further proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

RICHARD P. KUTUCHIEF, Attorney at Law, for Appellant.

MEGAN E. RABER, Director of Law, and MELODY L. BRIAND, Assistant Director of Law, for Appellee.