[Cite as *State v. Lockert*, 2023-Ohio-440.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

VILLAGE OF PENINSULA

    Appellee

    v.

LIA LOCKERT

    Appellant

C.A. No.     30229

APPEAL FROM JUDGMENT
ENTERED IN THE
STOW MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    2021CRB02263

DECISION AND JOURNAL ENTRY

Dated: February 15, 2023

---

SUTTON, Judge.

{¶1}    Defendant-Appellant, Lia Lockert, appeals from the judgment of the Stow Municipal Court.  For the following reasons, this Court reverses.

I.

**Relevant Background**

{¶2}    Subsequent to an incident where Ms. Lockert drove her vehicle on a neighbor's property, ran over a fence post, approached her neighbor while holding pruning shears, and trimmed her neighbor's trees without his permission, Ms. Lockert was indicted on one count of criminal trespass, in violation of R.C. 2911.21(A), a fourth degree misdemeanor, and one count of criminal damaging or endangering, in violation of R.C. 2909.06(A), a first degree misdemeanor.  Ms. Lockert pleaded not guilty to these charges.  Further, according to the trial court's arraignment order, Ms. Lockert did not wish to proceed with the assistance of counsel.

{¶3} Ms. Lockert represented herself, pro se, at a bench trial. The trial court found Ms. Lockert guilty on both counts, but reduced the criminal damaging or endangering count from a first degree misdemeanor to a second degree misdemeanor because the State failed to produce any evidence of "risk of physical harm to any person" at trial. In so doing, the trial court sentenced Ms. Lockert to a fine of $250.00, with $200.00 suspended plus court costs, and 30 days in jail with 30 days suspended on the criminal trespass count, and a fine of $750.00 with $600.00 suspended plus court costs, restitution in the amount of $2081.63, and 90 days in jail on the criminal damaging or endangering count. The trial court also ordered Ms. Lockert to stay off the neighbor's property. The sentence was stayed pending appeal. Ms. Lockert now appeals, raising one assignment of error for this Court's review.

II.

### ASSIGNMENT OF ERROR

**THE TRIAL COURT VIOLATED [MS. LOCKERT'S] RIGHT TO COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION WHEN IT FAILED TO ENSURE THAT [MS. LOCKERT] HAD MADE A KNOWING, VOLUNTARY, AND INTELLIGENT WAIVER OF HER RIGHT TO COUNSEL.**

{¶4} In her sole assignment of error, Ms. Lockert argues the trial court erred by failing to ensure she voluntarily, knowingly, and intelligently waived her constitutional right to counsel. We agree.

{¶5} "The Sixth Amendment guarantees a defendant both the right to counsel and 'the right to elect self-representation instead.'" *State v. Yeager*, 9th Dist. Summit Nos. 28604, 28617, 2018-Ohio-574, ¶ 6, quoting *State v. Tucker*, 9th Dist. Lorain No. 13CA010339, 2016-Ohio-1353, ¶ 11. However, "[a] defendant who wishes to represent [herself] must knowingly, voluntarily, and

intelligently waive [her] right to counsel." *Yeager* at ¶ 6, citing *State v. Gibson*, 45 Ohio St.2d 366

(1976), paragraph one of the syllabus. Crim.R. 44(B) states:

> Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent the defendant. When a defendant charged with a petty offense is unable to obtain counsel, *no sentence of confinement may be imposed upon the defendant, unless after being fully advised by the court, the defendant knowingly, intelligently, and voluntarily waives assignment of counsel.*

(Emphasis added.)

> **{¶6}**    Indeed, this Court has explained:

> The assistance of counsel is often a requisite to the very existence of a fair trial. As such, courts are to indulge every reasonable presumption against the waiver of a fundamental constitutional right including the right to be represented by counsel. Thus, because waiver of counsel may be impactful upon a person's liberties, the trial court must make sufficient inquiry to determine whether [the] defendant fully understands and intelligently relinquishes [her] right.

(Internal quotations and citations omitted.)  *State v. Briggs*, 9th Dist. Wayne Nos. 18AP0008,

18AP00023, 2021-Ohio-1980, ¶ 9.  Notably:

> In determining the sufficiency of the trial court's inquiry in the context of a defendant's waiver of counsel, this Court reviews the totality of the circumstances. In verifying that a waiver of counsel is made knowingly, voluntarily, and intelligently, a trial court should determine whether the defendant was advised of the dangers and disadvantages of self[-]representation. While no one factor is dispositive, [this Court] should consider whether the defendant was advised of the nature of the charges and the range of allowable punishments, and, in addition, [this Court] may consider whether the trial court advised the defendant of the possible defenses to the charges and applicable mitigating circumstances. We reaffirm our holding, however, that the trial court's discussion of possible defenses and mitigating circumstances need not be fact specific. In order to avoid placing the trial court in the role of an adversary, a broader discussion of defenses and mitigating circumstances as applicable to the pending charges is sufficient. A court may also consider various other factors, including the defendant's age, education, and legal experience.

*State v. Trikilis*, 9th Dist. Medina Nos. 04CA0096-M, 04CA0097-M, 2005-Ohio-4266, ¶ 13.

Therefore, in determining whether the trial court made sufficient inquiry into whether Ms. Lockert

knowingly, voluntarily, and intelligently relinquished her right to counsel, this Court must look to the record and review the totality of circumstances.

{¶7}    Here, prior to the commencement of a bench trial, the trial court engaged Ms. Lockert as follows:

* * *

THE COURT:  All right.  We are on the record on Case 2021 CRB 2263, State of Ohio versus [Ms.] Lockert on charges of criminal damaging and criminal trespass.

* * *

And we are here for trial today.

And Ms. Lockert, I know you recently went through another trial, but you understand that there might be motions made and that you may or may not have a legal background, but you understand I still have to follow the rules with regard to how the rules are played out in the courtroom.  You understand all of that?

MS. LOCKERT:  Thank you.

THE COURT:  Okay.  Does the State wish an opening statement?

[THE STATE]:  We will waive our opening statement, Your Honor.

THE COURT:  * * * Ms. Lockert, you have a right to an opening statement.  It is not evidence as you remember from last time.  The evidence comes out in the testimony and exhibits and things of that nature.  An opening statement would only be giving the court a preview of what you believe the evidence would show.  You do not have to do an opening statement.  And if you choose not to, you just let the court know you're going to waive.

MS. LOCKERT:  Thank you.  I will waive.

* * *

Notably, the record does not contain any other communication between Ms. Lockert and the trial court referencing whether Ms. Lockert wished to waive her right to counsel, other than the arraignment order which was produced and signed solely by the trial court.

**{¶8}** There is no indication the trial court explained the dangers and disadvantages of self-representation prior to the commencement of trial. Specifically, the record does not reflect Ms. Lockert was advised of the nature of the charges, the range of allowable punishments, possible defenses to the charges and/or applicable mitigating circumstances. In addition, there was no inquiry regarding Ms. Lockert's age, education, and legal experience. Accordingly, based upon this record looking at the totality of the circumstances, we cannot say Ms. Lockert voluntarily, knowingly, and intelligently waived her right to counsel.

**{¶9}** Thus, because Ms. Lockert did not voluntarily, knowingly, and intelligently waive her right to counsel, we reverse the judgment of the Stow Municipal Court and remand this matter with instructions that Ms. Lockert be given the opportunity to request a new trial, or to request the jail term portion of her sentence be vacated. *See State v. Condos*, 9th Dist. Summit No. 29782, 2022-Ohio-112, ¶ 12.

### III.

**{¶10}** Ms. Lockert's sole assignment of error is sustained. The judgment of the Stow Municipal Court is reversed and the matter is remanded for further proceedings consistent with this decision.

Judgment reversed
and cause remanded

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETTY SUTTON
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.


APPEARANCES:

ANGELA M. KILLE, Attorney at Law, for Appellant.

BRADRIC T. BRYAN, Attorney at Law, for Appellee.